178 So.2d 518

**STATE of Alabama**

v.

**Alex A. HALL, d/b/a Hall Building Material Company.**

**7 Div. 665.**

Supreme Court of Alabama.

Sept. 9, 1965.

Richmond M. Flowers, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

**360**

Knox, Jones, Woolf & Merrill, Anniston, for appellee.

PER CURIAM.

This is an appeal from a decree of the Circuit Court of Calhoun County, in Equity, vacating and setting aside some assessments of the Department of Revenue of the State of Alabama against appellee for the payment of privilege license taxes levied pursuant to § 547, Title 51, Code 1940, which reads as follows:

> "Lumberyards.—Each person operating a lumberyard; (here follows certain classifications based on population). This shall not apply to regularly licensed sawmills selling lumber at retail at it or his plant."

The sole question addressed to this court by appropriate assignments of error is whether or not appellee, in his manner of doing business in the sale of building materials, which, without deciding, we will treat as lumber, was operating a lumberyard within the purview of § 547, supra.

We think that the evidence shows without dispute that appellee operates a business in connected and adjoining buildings, one of which he owns and the other he rents. These buildings are located within the City of Anniston and are operated as a unit. Neither has an adjoining open area of land that is owned, rented or occupied by appellee in the conduct of such business. It appears from the evidence that West Tenth Street is on the north side of the building, with a sidewalk between the actual street and the building; Gurnee Avenue is on the west side and comes right up to the building; an alley is on the south side; and a brick building with a common wall is on the east side.

The building materials sold at retail are stored in an enclosed structure on the premises above described, and delivered therefrom through a convenient opening or door with a floor level about the height of a vehicle.

The appellant contends in an elaborate brief that the aforequoted statute embraces the business which appellee operates. We are not in accord.

This court, in the case of State v. Downs, 240 Ala. 74, 197 So. 382, observed:

> "*It will be noted no separate privilege tax is levied on retailers of lumber.* The operation of a lumberyard, bringing in and selling out at retail, is covered by the lumberyard license, based on local demand by reason of location; and retail sales from the sawmill plant, are covered by the sawmill license. Immediately following the 'lumber yard' schedule in both the Acts of 1919 and 1935, is the schedule covering the 'wholesale dealer in lumber.'" (Emphasis supplied) 240 Ala. 75, 197 So. 383.

Webster's Third New International Dictionary defines a lumberyard as "a yard where a stock of lumber is kept for sale." It defines a yard as "a small usu. walled and often paved vacant area open to the sky and adjacent to a building."

We think that the legislature, in its imposition of a license tax for the operation of a "lumberyard," did not intend that we should depart from the general rule that taxing statutes are to be construed strictly in favor of the taxpayer and against the State. State v. Roden Coal Co., 197 Ala. 407, 73 So. 5(4). It may be that

others in the state are paying a lumber license for selling lumber under facts similar to those here presented. But such payments, for whatever reasons made, through ignorance, pressure, or to avoid a lawsuit, do not justify this court in departing from the rule of strict construction against the State.

One of the basic principles in construing privilege license tax laws is that they shall be based on a reasonable classification, and shall apply to all within that class. State v. Downs, supra, (2). Here, the legislature classified lumberyards (§ 547, supra) as subject to a license tax. It did not impose a separate tax on retailers of lumber. Such freedom from a license tax was addressed to the sound discretion of the legislature.

We do not agree with the strenuous insistence of appellant that under the facts here presented appellee was operating a lumberyard within the purview of § 547, supra. We are unwilling to depart from a strict construction and stretch the statute (§ 547, supra) to embrace the business of appellee as operated.

We do not think such construction should be given when to do so would be out of keeping with common knowledge that a lumberyard is something more than a building as here bordered and surrounded, with no open air area of land, owned or rented by the seller of lumber, or in his possession, and used as an accompaniment or auxiliary to the storing of lumber in the open air, or in a building or shed.

The imposition of a privilege license tax on retail sales of lumber under conditions and facts here set forth is addressed to the sound discretion of the legislature. It is not within the administrative judgment of appellant nor within our judicial province to assume a legislative function by extending § 547, supra, beyond its clear meaning. To hold that a building as here described is a lumberyard would be stretching the law far beyond common sense and reason, and would amount to usurpation of a legislative function.

The decree of the trial court is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by BOWEN W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.