HOUSTON, Justice.
This is a petition for a writ of mandamus directed to the Honorable Telfair J. Mash-burn, Judge of the Circuit Court of Mobile County, requiring Judge Mashburn to deny Jehle-Slauson Construction Company’s motion for relief from judgment which was filed under Rule 60(b), Ala.R.Civ.P.
This litigation already has given rise to two separate appeals to this Court. See Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Construction Co., 466 So.2d 83 (Ala.1985); Jehle-Slauson Construction Co. v. Hood-Rich Architects & Consulting Engineers, 435 So.2d 716 (Ala.1983). The relevant facts are set forth in some detail in the prior opinions of this Court. For purposes of this proceeding, suffice it to say that this action was commenced on May 28, 1981, when Sho-Me filed suit in the Circuit Court of Mobile County against Jehle-Slau-son Construction Company, a partnership, and the individuals comprising this partnership, Harry Jehle and Ben Slauson. In this action, Sho-Me, the owner of the Howard Johnson’s Motor Lodge in Mobile, seeks to recover money damages from Jehle-Slau-son as a result of a mildew condition that has developed at the motor lodge. According to Sho-Me, this condition is attributable to Jehle-Slauson’s use of sheetrock containing excessive moisture in connection with the repair of the motor lodge following Hurricane Frederic. Specifically, Sho-Me contends that in using moisture-laden sheetrock, Jehle-Slauson breached both its written contract for the repair of this storm-related damage and its implied warranty that the work undertaken pursuant to this contract would be accomplished in a good and workmanlike manner.
Jehle-Slauson answered the complaint, denying the allegations made by Sho-Me of breach of contract and breach of warranty. In addition, Jehle-Slauson filed third party complaints against several parties, including Southern Roof Deck, the subcontractor that actually completed the dry wall work on the Motor Lodge. Jehle-Slauson alleges that any adjudication of liability on its part would necessarily be predicated upon the active and primary conduct of its subcontractor, Southern Roof Deck.
After substantial discovery had been conducted, Jehle-Slauson filed a motion for summary judgment. This motion was argued and submitted on July 15, 1983. On August 29, 1983, Sho-Me filed the affidavit of its local manager, Bert Rector, in opposition to Jehle-Slauson’s motion. On this same date, Presiding Judge Robert E. Hod-nette, Jr., entered an order denying Jehle-Slauson’s motion. On September 8, 1983, Jehle-Slauson filed a motion for reconsideration with respect to the denial of its motion for summary judgment. This motion for reconsideration was granted on October 28, 1983, and, upon reconsideration, summary judgment was entered in favor of Jehle-Slauson.
On September 16, 1983, while Jehle-Slau-son’s motion for reconsideration was pending, Southern Roof Deck filed a motion for summary judgment with respect to the third-party claims asserted by Jehle-Slau-son. On October 28, 1983, Sho-Me filed a response to the Southern Roof Deck motion, submitting yet another affidavit of Bert Rector. On this same date, October 28, 1983, Southern Roof Deck’s motion for summary judgment was granted.
Separate orders were entered with respect to the entry of summary judgment in favor of Jehle-Slauson and the entry of summary judgment in favor of Southern Roof Deck. The order entered with respect to the Jehle-Slauson motion reads as follows:
“9/8/83 Defendant Jehle-Slauson Construction Company motion for summary judgment.
“October 28, 1983 — Motion to reconsider, Granted; and upon reconsideration, defendant Jehle-Slauson Construction Company motion for summary judgment denied on August 29, 1983, hereby set aside and motion for summary judgment Granted; Cause dismissed as to said defendant, costs taxed to plaintiff; The Court further finds that there is no just reason for delay in the entry of said final judgment.”
*449 The order entered on the motion for summary judgment filed by Southern Roof Deck reads:
“9/16/83 Third-party defendant, Southern Roof Deck Applicators, Inc.’s motion for Court to enter a summary judgment in its favor dismissed [sic] the third-party complaint.
“October 28, 1983 — Motion for summary judgment Granted; Third-party complaint dismissed as to third-party defendant; Southern Roof Deck Applicators, Inc. costs taxed to third-party plaintiff; And the Court further finds that there is no just reason for delay in the entry of said final judgment.”
Sho-Me filed a notice of appeal to the Supreme Court of Alabama, challenging the entry of summary judgment in favor of Jehle-Slauson, as well as the entry of summary judgment in favor of Southern Roof Deck.
On January 11, 1985, this Court handed down its decision in the appeal initiated by Sho-Me. Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Construction Co., supra. In this decision, the Court reversed the summary judgment in favor of Jehle-Slau-son. In addition, the Court dismissed the appeal as to Southern Roof Deck, holding that Sho-Me did not have standing to appeal the summary judgment in favor of Southern Roof Deck. On March 22, 1985, Jehle-Slauson’s application for rehearing was denied.
On June 3, 1985, Jehle-Slauson filed a Rule 60(b), Ala.R.Civ.P., motion to set aside the summary judgment that had been entered in favor of Southern Roof Deck. On August 28, 1985, Jehle-Slauson’s motion was granted by Judge Mashburn. It is the propriety of this order that Southern Roof Deck challenges in this proceeding, urging this Court to hold that Judge Mashburn abused his discretion in granting Jehle-Slauson’s motion for relief from judgment.
The Court is of the opinion that Judge Mashburn acted properly in granting Jehle-Slauson’s Rule 60(b) motion. That Rule provides: “On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.”
Rule 60(b)(5) provides, in essence, that a judgment may be set aside where it is based upon a prior judgment that has been reversed. With respect to the applicability of this subsection, Southern Roof Deck suggests that because summary judgment was entered in its favor on Jehle-Slauson’s third-party complaint on the same day that summary judgment was entered in favor of Jehle-Slauson on. the original complaint, these judgments were entered contemporaneously. Hence, the argument goes, neither judgment can be characterized fairly as “prior” to the other and the reversal of the summary judgment in favor of Jehle-Slauson cannot be said to be the reversal of a “prior judgment” within the purview of Rule 60(b)(5). Southern Roof Deck argues, therefore, that Judge Mashburn abused his discretion to the extent that he relied upon Rule 60(b)(5) in granting Jehle-Slauson’s motion.
It is true that the docket sheets reflecting the entry of summary judgment in favor of Jehle-Slauson and the entry of summary judgment in favor of Southern Roof Deck do not indicate the reasoning of the trial court in granting the motions for summary judgment filed by these parties. The letter brief submitted by Southern Roof Deck, which is attached to the petition as part of Exhibit “1,” shows that the basis of its motion for summary judgment was that Jehle-Slauson was entitled to summary judgment on the original complaint, which would render Jehle-Slauson’s indemnity claim against Southern Roof Deck moot.
It is apparent that entry of summary judgment in favor of Jehle-Slauson rendered summary judgment in favor of Southern Roof Deck appropriate, since, at that point, there was no longer an action *450 with respect to which Jehle-Slauson could seek indemnity.
The fact that these judgments may have been entered contemporaneously does not render Rule 60(b)(5) inapplicable, as suggested by Southern Roof Deck. In Werner v. Carbo, 731 F.2d 204 (4th Cir.1984), plaintiff brought a medical malpractice and drug products liability action against Dr. Carbo, Dr. Carbo’s professional corporation, and the Upjohn Company. A verdict was returned in favor of plaintiff against all three defendants. The judgment rendered on this verdict was appealed by Dr. Carbo, individually, and the Upjohn Company. Dr. Carbo’s professional corporation did not appeal. .
On appeal, the verdict and judgment against Dr. Carbo, individually, were vacated. On remand, plaintiff’s counsel advised the district court that he intended to commence attachment proceedings against Dr. Carbo’s professional corporation, since no appeal had been taken from the judgment against it. The professional corporation immediately filed a Rule 60(b) motion for relief from the judgment. This motion was denied by the district court.
The professional corporation appealed this action to the United States Court of Appeals for the Fourth Circuit. That court noted as an initial matter that the disposition of motions under Rule 60(b) is a matter which is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Finding an abuse of discretion by the trial court in denying the professional corporation’s motion, the appeals court reversed the trial court’s action.
In reaching this decision, the appeals court considered the question whether the professional corporation’s motion fell within any of the subsections of Rule 60(b). The court concluded that the motion satisfied the requirements of Rule 60(b)(5) and that relief was due to be granted under this subsection. In this regard, the court wrote:
“We think this case falls more logically within thé scope of subsection (5) of Rule 60(b), which allows relief from a judgment if ‘a prior judgment upon which it is based has been reversed or otherwise vacated.’ It is true that this subsection and its common-law and equitable antecedents have been applied primarily in cases in which a judgment itself is necessarily considered in a later action. ... However, relief also has been granted where the prior judgment was entered simultaneously with the judgment sought to be vacated and where the prior judgment was not the basis of that second judgment in the sense of res judica-ta, estoppel, or like theory....
[[Image here]]
“We are persuaded ... that when one judgment rests upon a contemporaneous judgment which has been reversed or otherwise vacated, as had the contemporaneous judgment in this case, Rule 60(b)(5) should nevertheless apply if all the other conditions are met. We think the word ‘prior’ in Rule 60(b)(5) refers not only to prior in time but also to prior as a matter of legal significance.” (Citations omitted.) (Emphasis added.)
731 F.2d at 207-08.
In the instant action, it is clear that the summary judgment in favor of Jehle-Slauson was prior, in terms of legal significance, to the summary judgment in favor of Southern Roof Deck. This prior judgment has now been reversed. Under the theory of the Fourth Circuit in Werner v. Carbo, supra, which this Court adopts, Judge Mashburn acted properly in granting Jehle-Slauson relief from the judgment entered in favor of Southern Roof Deck, notwithstanding that these judgments may have been entered contemporaneously.[1]
The determination of whether a motion for relief from judgment filed under Rule
*451 60(b), Ala.R.Civ.P., should be granted or denied is a matter which is left to the discretion of the trial court. Acromag-Vi-king v. Blalock, 420 So.2d 60 (Ala.1982). The trial court’s ruling on such a motion will not be disturbed unless the trial court clearly abuses its discretion. Ex parte Hartford Insurance Co. 394 So.2d 933 (Ala.1981).
Since Judge Mashburn acted properly in granting Jehle-Slauson’s motion under Rule 60(b)(5), there was no abuse of discretion and the writ of mandamus should be denied.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, AL-MON and BEATTY, JJ., concur.

. We are aware that Werner v. Carbo, supra, is not on all fours with the case at issue. However, the rationale utilized by the Fourth Circuit in that case with respect to the interpretation of the phrase "prior judgment" found in Rule 60(b)(5) is particularly applicable in the present case.