Ronnie Pollard appeals from a judgement relieving him from the prospective enforcement of the judgment previously entered against him. He appeals on the ground that the court erroneously granted him only prospective relief. He argues that the trial court exceeded its authority when it denied him restitution for what he had already paid on the former judgment. We affirm.
In 1977, Pollard purchased a sand and gravel pit in Etowah County, Alabama, and prepared to operate a quarrying business. He requested information from the Etowah County Commission ("the Commission") regarding requirements that the county would expect him to meet. The Commission informed Pollard that it would grant him authority to haul sand and gravel out of the pit on the condition that he pay a road use tax or fee. The tax or fee was set at 10 cents per ton of sand and gravel hauled out of the pit. After several discussions, the parties wrote up an agreement in January 1978, Pollard signed it, and the Commission approved it.
Pollard paid the fee through 1981 and then became delinquent in his payments. The Commission called upon him to pay an arrearage of $9,092.36, but he refused to do so. On November 1, 1983, the Commission filed a complaint in the Etowah Circuit Court, seeking an injunction prohibiting Pollard from operating his trucks over the road from the pit; an accounting; and a judgment for the money owed under the agreement.
After the Commission filed its lawsuit, Pollard did not attack the validity of the contract he had made with the Commission, nor did he challenge the authority of the Commission to charge him the use tax or fee. Rather, he agreed with the Commission to settle the case, and, on November 22, 1983, the trial court entered a consent judgment. The consent judgment provided that Pollard would pay the county $9,092.36 in arrears, plus each current monthly payment when due. The judgment provided that Pollard would make one payment of $4,500 by December 18, 1983, and would pay the balance in 12 equal installments of $382.70.
Pollard made the lump-sum payment of $4,500, the regular payment for November 1983, and 12 installments. Then, on January 22, 1985, 14 months after the consent judgment was entered, he filed a motion *Page 227 
for relief from the judgment pursuant to Rule 60(b), A.R.Civ.P. In his motion, Pollard requested the following relief:
 "1. That the judgment be declared void as being unconstitutional or be vacated on the ground that it was no longer equitable that it have prospective application;
"2. That the judgment be set aside;
 "3. That an affirmative judgment be granted in his favor; and
 "4. That he be granted any and all other relief to which he was entitled."
The court held a hearing on the motion. Pollard testified that after he agreed to the consent judgment, he learned that the other two sand and gravel pit operators in Etowah County were not under contract to pay the Commission a road use tax or fee. He alleged that at the time he agreed to the consent judgment, he did not know that he was the only sand and gravel hauler who had made an agreement to pay the tax or fee. Pollard was the only witness to testify at the hearing, and the Commission offered no evidence that the road use tax or fee was proper.
After the hearing, the court rendered a new judgment. The new judgment declared that the agreement on which the previous judgment was based was voidable, and was voided by Pollard's motion for relief from the judgment. The court relieved Pollard from prospective enforcement of the first judgment, but held that he was not entitled to recover any funds he had already paid pursuant to that judgment or the agreement upon which it was based. From the new judgment, Pollard appealed.
On appeal, Pollard argues that the trial court exceeded its authority to grant relief under Rule 60(b), A.R.Civ.P., when it adjudicated his claim of a right to restitution for sums he had already paid the Commission. He maintains that the previous judgment was void and that Rule 60(b) authorizes the trial court only to relieve him from that prior judgment. The trial court, however, ruled that the first judgment was voidable, not void ab initio. That court held that Pollard's motion for relief rendered that judgment unenforceable prospectively, but that Pollard could not recover any sums he already had paid the Commission. At issue in this appeal, then, is whether the relief fashioned by the trial court is appropriate under Rule 60(b).
Rule 60(b) sets forth six grounds upon which a party may seek relief from a final judgment. Pollard did not specify in his Rule 60(b) motion which ground he was relying upon. He alleged that the "judgment should be declared void as being unconstitutional or, at the very least, should be vacated on the grounds that it is no longer equitable that such a judgment should have prospective application." The language of the motion suggests that Pollard was relying on clauses (4), (5), and (6) of Rule 60(b), A.R.Civ.P.:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."
We must decide whether the relief granted to Pollard was proper under any of these three clauses of Rule 60(b).
In evaluating the trial judge's decision to grant or withhold relief under Rule 60(b), in regard to decisions based on clauses (5) and (6), we apply a standard of review different from that applied when we review decisions based on clause (4). Whether to grant or deny relief under Rule 60(b)(5) or (6) is within the discretion of the trial judge, and the trial court's decision will not be reversed except for an abuse of that discretion. Ex parte Southern Roof DeckApplicators, 484 So.2d 447, 450-51 (Ala. 1986); Smith v. Clark,468 So.2d 138, 140 (Ala. 1985).
Under Rule 60(b)(4), however, we inquire on appeal into the validity of the underlying judgment. We have held: *Page 228 
 "When the grant or denial turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand. Wonder v. Southbound Records, Inc., 364 So.2d 1173
(Ala. 1978). A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Ibid."
Smith v. Clark, 468 So.2d at 141. Pollard argues that he was entitled to relief because the tax or fee was unconstitutional. He contends that if the judgment was void as unconstitutional, then the trial court committed reversible error in denying him restitution for the amount he had paid on the judgment before he filed the motion for relief.
Pollard's argument that the road use tax or fee is unconstitutional must fail. Pollard has not adduced sufficient evidence from which to conclude that the tax or fee violated due process or equal protection. The fee charged to Pollard was in the nature of a business license fee. We have held that "[o]ne of the basic principles in construing privilege license tax laws is that they shall be based on a reasonable classification, and shall apply to all within that class."State v. Hall, 278 Ala. 359, 361, 178 So.2d 518, 519 (1965). In this case, Pollard has failed to prove that the use tax or fee was applied unevenly within a particular class. He offers no evidence that he and the other two sand and gravel pit operators in Etowah County were similarly situated. The record, for example, does not disclose whether traffic from the other two gravel pits was conducted primarily on county roads or on state roads, nor does the record establish that the three quarries were comparable in volume of business. The record thus does not preclude a finding of a reasonable basis for taxing the road use from Pollard's quarry and not taxing the use from the other two quarries in the county. Merely that Pollard was the only sand and gravel pit operator paying the use tax or fee, among three such operators in the county, does not compel the conclusion that the arrangement was unconstitutional. The first judgment, therefore, was not "void," and clause (4) of Rule 60(b) did not provide Pollard with a ground for relief from the judgment.
Although Pollard couched his request for relief from the judgment in the language of Rule 60(b)(5), he was not entitled to relief under that clause. Clause (5) entitles the movant to relief when "it is no longer equitable that the judgment should have prospective application." (Emphasis added.) The clause applies only when new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable. In Pollard's case, however, it is not alleged that new facts or new law has appeared since the consent judgment was entered. Pollard contends merely that since the judgment was entered he has discovered that the two other sand and gravel pit operators in the county do not pay a road use tax or fee. Since these facts existed at the time the consent judgment was entered, Pollard's case is not within clause (5).
Last, we review whether the relief granted by the trial judge was proper under Rule 60(b)(6).
 "Rule 60(b)(6) is reserved for 'extraordinary circumstances,' and is available only in cases of 'extreme hardship or injustice.' City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981), or when the case involves 'aggravating circumstances,' Giles v. Giles, 404 So.2d 649 (Ala. 1981). The decision to grant or to withhold Rule 60(b)(6) relief being discretionary, the trial court's decision will not be reversed except for an abuse of that discretion. Textron, Inc. v. Whitfield, 380 So.2d 259 (Ala. 1979)."
Smith v. Clark, 468 So.2d 138 (Ala. 1985). In Pollard's case, we hold that the circumstances justified the trial court's decision to grant relief from the judgment insofar as future payments were concerned. Although the record does not furnish a basis for finding the road use tax or fee unconstitutional, the court reasonably could have found that the tax or fee was inequitable *Page 229 
because of the disparity in application among the quarry operators of the county. That the tax or fee was imposed inequitably on Pollard is tacitly suggested by the silence of the Commission on the issue. At the Rule 60(b) motion hearing and in its brief on appeal, the Commission chose not to argue in support of its authority to charge Pollard for the road use. Finding that the tax as imposed was inequitable, the trial court exercised its discretion in order to correct the inequity by forgiving prospective payment. We conclude that under the record this relief was within the court's discretion and that it was within the court's discretion to deny restitution for payments already made. The judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.