STEAGALL, Justice.
Plaintiff, Town & Campus Apartments, Inc. (“Town & Campus”), appeals the trial court’s order denying its motion for a new trial in a case in which the jury returned a verdict in favor of Royce C. King, individually and in his representative capacity as director of the State of Alabama Highway Department. Town & Campus also appeals the judgment entered on the jury’s verdict in favor of King, director of the Highway Department at the time of trial; the order directing a verdict in favor of Bobby J. Kemp, Rex K. Rainer, Dan H. Turner, and Ray D. Bass, in their representative capacities as former directors of the Highway Department; and a partial summary judgment in favor of all the defendants. The action arose out of the alleged erosion damage to the plaintiff’s property caused by the diversion of surface water through construction of certain highway and drainage improvements adjacent to plaintiff’s property.
In 1977, Town & Campus purchased approximately 31 acres of land located northwest of the intersection of U.S. Highway 90 and Higgins Road, near Tillman’s Corner. The property was purchased for the purpose of developing a multi-family apartment complex and a strip shopping center. At the time of the purchase, a drainage ditch ran through the property.
In April 1977, the Highway Department began construction of certain highway and drainage improvements at the intersection of U.S. Highway 90 and Higgins Road in conjunction with a federal project involving the construction of an Interstate Highway 10 interchange to U.S. Highway 90. The drainage system was substantially complete in October or November 1979.
In September 1980, Town & Campus wrote the Highway Department, expressing concern over damage allegedly caused by the Highway Department’s drainage improvements. The Highway Department subsequently investigated the problem and concluded that it was not responsible for any erosion by water damage. The Highway Department concluded that the extensive erosion was due to a combination of several factors, including the construction of a sewer line by the Mobile County Water and Sewer Board through the property, Hurricane Frederic in September 1979, and two separate abnormally large floods in April and May 1980.[1] Town & Campus challenged these conclusions, based on Highway Department interoffice memorandums in which the Highway Department supposedly admitted responsibility for the *438 erosion and suggested alternatives to correct the problem.
In 1982, Town & Campus sued Kemp, Rainer, Turner, Bass, Tom Espy, Jr., Irving Pope, Robert Duck, William Page, William Hartzog, M.L. Risher, and T.G. Drinkard,[2] individually and in their representative capacities as employees of the Highway Department.[3] The complaint, as amended, asserted claims against the Highway Department officials, seeking damages for alleged inverse condemnation, trespass, continuing nuisance, and upper/lower channeling of water, and seeking injunctive relief. King was added as a defendant in his representative capacity on April 9, 1987. On May 20, 1987, the trial court entered a summary judgment for all the defendants on all claims, except the inverse condemnation claim, and as to that claim entered summary judgment for all defendants except King, Kemp, Rainer, Turner, and Bass, in their representative capacities as director and former directors of the Highway Department. The court directed a verdict for Kemp, Rainer, Turner, and Bass, and the case went to the jury against only the current highway director, King. The jury returned a verdict in favor of defendant King and a judgment was entered thereon. Town & Campus filed a motion to set aside the jury verdict and for a new trial, which was denied. Town & Campus appeals.
On appeal, Town & Campus argues that the jury verdict and the judgment entered thereon were contrary to the great weight of the evidence.
“The standard of review applicable to a motion for JNOV is identical to the standard used by the trial court in granting or denying the motion initially. Granting a motion for JNOV is proper ‘only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ’ and the moving party is entitled to judgment as a matter of law.
“But where they are unchallenged on a sufficiency-of-the-evidence ground, or when the evidence meets the ‘sufficiency’ test, jury verdicts are presumed correct, and this presumption is strengthened by the trial court’s denial of a motion for new trial. Therefore, a judgment based upon a jury verdict and sustained by the denial of a post-judgment motion for a new trial, will not be reversed on a weight-of-the-evidence ground unless it is ‘plainly and palpably’ wrong.”
Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160 (Ala.1988) (citations omitted).
Town & Campus additionally argues that summary judgment was improper, because, it argues, the highway officials are subject to liability in their individual capacities for their alleged tortious destruction of the plaintiff’s property (by their alleged trespass, nuisance, and upper and lower channeling of water). We affirm the summary judgment on the authority of Woods v. Wilson, 539 So.2d 225 (Ala.1989). Under circumstances similar to those in the case at bar, we held: *439 539 So.2d at 225. The trial court correctly decided, in regard to the claims dealt with by the summary judgment, that the defendants were entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.
*438 “These defendants/appellees are public officials who acted within the genéral scope of their authority in performing functions that involve a degree of discretion. They are, therefore, entitled to discretionary function immunity in this action charging negligence in the design, or in the approval of a design, of a drainage system and improvement work on the highway, which the plaintiffs allege proximately caused the injuries made the basis of this litigation. Whether a particular defendant is engaged in a protected discretionary function, and is thereby immune from liability, is a question of law to be decided by the trial court. Barnes v. Dale, 530 So.2d 770 (Ala.1988).”
*439 After a review of the record, we find that the denial of Town & Campus’s post-judgment motion for new trial was not plainly and palpably wrong. Having determined that the jury verdict in favor of King on the inverse condemnation claim met the sufficiency test, we pretermit any discussion of Town & Campus’s additional grounds of error, as they were based on an unlawful taking of their property. Town & Campus’s additional allegation of error pertaining to summary judgment as to injunc-tive relief is unfounded. The summary judgment and the judgment entered on the jury verdict are, therefore, due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.

. The April 1980 flood was characterized as a 50-year flood, i.e., one that occurs only once every 50 years. The May 1980 flood was characterized as a 100-year flood, i.e., one that occurs only once every 100 years,

. Upon defendants' motion, Drinkard’s personal representative, as well as his successor at the Highway Department, was substituted upon suggestion of his death.

. The named defendants were the current and former officials and engineers of the Highway Department (highway directors, assistant highway directors, chief engineer, construction engineer, assistant chief engineer, maintenance engineer, assistant construction engineer, division construction engineer, and project engineer).