SEE, Justice
(concurring specially).
I concur with the majority’s affirmance of the trial court’s order denying the Rule 60(b), Ala. R. Civ. P., motion filed by Union Security Life Insurance Company (“Union Security”) for relief from the compensatory-damages portion of the general award against it. I write specially to explain the basis for my conclusion that the trial court did not abuse its discretion in denying the Rule 60(b) motion.
I.
Evelyn Crocker sued Union Security and First Alabama Bank, asserting fraud and other causes of action and seeking both compensatory and punitive damages. A jury rendered a general verdict in favor of Crock-er in the amount of $5 million. The trial court ordered a $2-million remittitur, thus reducing the verdict to $3 million. After the trial, First Alabama entered into a settlement agreement with Crocker for $1 million; that agreement included any claims for compensatory and punitive damages that she had against First Alabama. That settlement agreement expressly reserved to Crocker all of her claims against Union Security. Union Security then appealed to this Court, arguing that the $2-million verdict was excessive. This Court upheld the $2-million verdict, in Union Security Life Ins. Co. v. Crocker, 667 So.2d 688 (Ala.1995) (“Crocker I”). Union Security filed a petition for certiorari review with the Supreme Court of the United States.
The Supreme Court vacated this Court’s judgment and remanded the case for reconsideration in light of the Supreme Court’s decision in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). In Union Security Life Ins. Co. v. Crocker, 709 So.2d 1118, 1123 (Ala.1997) (“Crocker II”), this Court affirmed the trial court’s judgment, conditioned upon Crocker’s filing a $l-million remittitur, thereby reducing the award to $1 million. Justice Houston concurred specially, stating that a comparison of this case with similar cases would support a compensatory award of approximately $250,000, and stating that the remaining punitive award of $750,000 would bear a reasonable ratio to the estimated $250,000 compensatory award. Id. at 1128 (Houston, J., concurring specially).
II.
Union Security paid Crocker $750,000, plus interest, arguing that this amounted to the punitive-damages portion of the $l-million general verdict. Union Security contends that Crocker’s previous settlement with First Alabama had already satisfied the total amount of compensatory damages due Crocker. Thus, Union Security concludes that it does not owe Crocker the compensatory portion of the $1 million general award *2 against it. Relying on the special concurrence in Crocker II, Union Security asserts that the compensatory portion of the $1-million general award is $250,000.
Even assuming, for the sake of argument, that Union Security was not liable for any further payment of compensatory damages, the trial court did not err in refusing to reduce the $l-million general award by the portion of the award that Union Security asserts is compensatory. Had the majority of this Court remanded the case to the trial court for a determination of the compensatory- and punitive-damages portions of the $1-million general award, see Crocker II, 709 So.2d at 1125 (See, J., dissenting), the trial court might have been able to determine any redundancy in compensatory-damages awards. Instead of remanding for such a determination, however, the majority of this Court stated:
“Because the jury awarded general damages in this case, we cannot determine with certainty the ratio of punitive damages to compensatory damages. Certainly we do not consider the compensatory damages award to be based solely upon economic loss....
[[Image here]]
“... [Tjhere is [an] unknowable amount of compensation the jury could have awarded to Mrs. Crocker based upon the emotional and mental toll the wrongful conduct took upon her.... ”
Crocker II, 709 So.2d at 1121-22 (emphasis added). Clearly, the majority opinion in Crocker II did not presume a specific amount of compensatory damages. Without having determined the portion of the $l-million general award that constituted compensatory damages, the trial court could not eliminate the “unknowable” compensatory portion of that award. Under these circumstances, the trial court’s denial of Union Security’s Rule 60(b) motion could not have been an abuse of discretion. See Pollard v. Etowah County Commission, 539 So.2d 225, 227 (Ala.1989) (“Whether to grant or deny relief under Rule 60(b) ... is within the discretion of the trial judge, and the trial court’s decision will not be reversed except for an abuse of that discretion.”). Consequently, I concur with the majority’s affirmance of the trial court’s order.
HOOPER, C.J., and MADDOX, J., concur.