LYONS, Justice
(concurring specially).
I write to address further the Winston County Board’s argument based on the theory of impossibility of performance caused by a change in the law. The Ha-leyville City Board filed an action to protect its rights under a 1972 consent judgment. The Winston County Board, by counterclaim, sought injunctive relief against the continued enforcement of the judgment, arguing that there had been a change in the applicable statutory law.
Because the earlier action, in which the consent judgment was entered, was concluded more than a year before the effective date of the Alabama Rules of Civil Procedure, Rule 60(b)(5) does not apply to further proceedings. However, principles governing the application of Rule 60(b)(5) are instructive in this proceeding. Rule 60(b)(5) authorizes relief from a prior judgment when “it is no longer equitable that the judgment should have prospective application.” This Court observed in Pollard v. Etowah County Comm’n, 539 So.2d 225, 228 (Ala.1989):
“The clause [Rule 60(b)(5) ] applies only when new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable.”
See, also, Agostini v. Felton, 521 U.S. 203, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997), and cases cited therein.
Whether to grant or to deny relief pursuant to Rule 60(b)(5) is within the discretion of the trial court, and its ruling will not be reversed except for an abuse of that discretion. Pollard, 539 So.2d at 227. The Winston County Board did not offer any modification of the judgment. Cf., Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 391, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). Moreover, the trial court addressed the equities of the case:
“Impressive to the Court are the allegations of the loss of money claimed by the defendant in this case which apparently comes from its anticipation of gaining approximately 550 students which attend the Haleyville school outside the Haleyville city limits, equating a loss of approximately 1.5 million dollars annually to the county school system. (Defendant’s brief for summary judgment at page 5.) Further, on page 14 of said brief it is alleged that the county is forfeiting 1.5 million dollars in annual funding by allowing county students to attend city schools. The Court does not find that this is a loss to Winston County because the dollars generally follow the students to the school which they are attending. The county cannot lose funds which it never had. The defendant’s prime interest appears to be money and not necessarily the welfare and education of children.”
Viewing the Winston County Board’s “impossibility-by-change-in-law” argument through the prism of modern rules of procedure corroborates the wisdom of today’s judgment affirming the trial court’s ruling.