The central issue of this case is whether a trial judge who was on the board of directors of a publishing concern which employed one of the named defendants should have recused himself from the case. This court finds it unnecessary to discuss any of the other issues raised by appeal and reverses the decision of the trial court.
Acromag-Viking, Inc. (Acromag) filed a two-count complaint against Marketing of the Gulf, Inc. (Marketing) and Andrew Blalock. The first count claimed $29,844.64 on itemized verified account from Marketing. *Page 61 
The second count claimed $29,844.64 from Andrew Blalock, president of Marketing, on the theory that Marketing was the alter ego of Blalock and that there was no distinction between the acts of Blalock and Marketing.
The defendants filed a motion to dismiss the complaint. An answer was filed the day before the trial admitting that Marketing owed Acromag an undetermined amount of money on open account and denying that Blalock owed Acromag any amount of money. Blalock set up as affirmative defenses estoppel and the allegation that Marketing was a de facto corporation.
Prior to the commencement of the trial on December 9, 1980, the trial judge informed the parties that he had on several occasions had social contact with Robert McCorkindale, vice-president and secretary of Marketing. Moreover, he stated that one time he had purchased material from Viking Clock Company, of which Robert McCorkindale was president, but that he had no knowledge of the case nor any prejudice against any party. During recess, counsel for the plaintiff informally indicated to the trial judge that the plaintiff "would feel more comfortable" with another judge. The trial judge denied this informal request after determining the other judges in the circuit were involved with trials. A non-jury trial was held and judgment entered on April 30, 1981.
On July 15, 1981, plaintiff filed an A.R.C.P. 60 (b)(6) motion. The basis of the motion was that the trial judge was on the board of directors of a corporation which employed Andrew Blalock, the information had not been made available to the plaintiff at the time of trial, and, had it been, a motion to recuse would have been made. The trial judge denied the motion without a hearing on November 25, 1981. On December 29, 1981, plaintiff filed a motion to reconsider the A.R.C.P. 60 (b)(6) motion and re-alleged the judge's membership on the board of directors which had employed Andrew Blalock. A copy of the masthead of Marine magazine, published by the corporation, showing the trial judge as a member of the board and Andrew Blalock as an employee, was attached to the motion. The record does not show any ruling by the trial court on the motion to reconsider. This appeal followed.
Canon 3 C (1) of the Alabama Canons of Judicial Ethics provides in pertinent part:
 "A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ."
The Alabama Court of Civil Appeals has held that recusal is required where facts are shown which make it reasonable for members of the public, or a party, or counsel opposed to question the impartiality of the judge. Miller v. Miller,385 So.2d 54, 55 (Ala.Civ.App. 1980); Wallace v. Wallace,352 So.2d 1376, 1379 (Ala.Civ.App. 1977). However, recusal is not required by a mere accusation of bias unsupported by substantial fact. Miller v. Miller, 385 So.2d 54, 55
(Ala.Civ.App. 1980); Taylor v. Taylor, 359 So.2d 395, 398-399
(Ala.Civ.App. 1978). We agree with the Court of Civil Appeals on both propositions.
A decision by a trial judge on a 60 (b)(6) motion to vacate a judgment for "any . . . reason justifying relief from the operation of the judgment" is discretionary with the trial judge and will not be reversed other than for an abuse of that discretion. Textron, Inc. v. Whitfield, 380 So.2d 259, 260
(Ala. 1979); Nunn v. Stone, 356 So.2d 1212, 1214-1215
(Ala.Civ.App. 1978). In view of the facts of this case, the trial judge's failure to recuse himself constitutes an "exceptional circumstance," Textron, Inc. v. Whitfield, 380 So.2d at 260, justifying Acromag's 60 (b)(6) request. Therefore, the trial judge's failure to grant Acromag's motion is, in this instance, an abuse of discretion. *Page 62 
Because this case was heard without a jury, the trial judge was required to exercise fair and impartial judgment in determining whether Marketing was actually a corporation. The Court concludes from the facts presented that there were substantial facts for Acromag to question the trial judge's impartiality. Therefore, we rule that the trial judge committed reversible error in failing to recuse himself, and we remand this case for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.