This is an appeal by defendant Ordell Smith from the denial of his Rule 60 (b), A.R.Civ.P., motion for relief from a judgment previously rendered against him. We affirm.
The judgment from which defendant sought relief arose out of a lawsuit brought by plaintiff Deborah K. Clark. That lawsuit grew out of a real estate transaction.
Sometime in late 1978, plaintiff Clark contacted defendant Smith and asked him to represent her, or to be her agent, in the purchase of a home. Smith agreed to do so, and the transaction was completed.
After discovering defects in the roofing of her new home and finding her requests for their repair ignored, Clark filed a complaint in Jefferson County Circuit Court on June 4, 1980, against Norman W. Vandergriff, Jr., Paula Vandergriff, Vulcan Realty Company, Realty Sales Company, Robert McElroy, and Smith, alleging facts constituting fraud, deceit, misrepresentation, breach of contract, and breach of fiduciary duty against all the defendants, and claiming damages of $150,000.
The law firm of Corretti and Newsom of Birmingham, through attorney N. Daniel Rogers, represented co-defendants Robert McElroy and Realty Sales Company. On October 22, 1982, the defendants in the case, with the sole exception of Ordell Smith, were dismissed with prejudice as parties to the suit. After that date, N. Daniel Rogers was no longer involved as attorney in the dispute at bar.
On April 19, 1983, a default judgment was entered against Smith by Circuit Judge John N. Bryan, Jr., with leave for the plaintiff to prove damages.
Plaintiff Deborah Clark subsequently proved damages against defendant Smith on August 30, 1983, and was awarded the sum of $15,000. The presiding judge at the hearing on damages was N. Daniel Rogers, who, as an attorney, had represented co-defendants Robert McElroy and Realty Sales Company 10 months previously.
On February 22, 1984, almost six months later, the defendant filed a Rule 60 (b) motion for relief from judgment, requesting that the order of August 30, 1983, awarding damages be set aside on the ground that Judge Rogers had a conflict of interest in the case. The motion was transferred to Judge Ingram Beasley of the Jefferson Circuit Court on March 5, 1984.
After a hearing before Judge Beasley on March 20, 1984, the defendant's Rule 60 (b) motion was denied. On May 1, 1984, the defendant filed this appeal, claiming that Judge Beasley's refusal to set aside Judge Rogers's award of damages constituted reversible error.
Rule 60 (b) sets out the grounds upon which a party may seek relief from a final judgment, order, or proceeding. In his motion, the defendant did not specify the grounds upon which he relied. From the nature of his motion, the defendant must have been relying upon one or the other of two grounds: "(4) the judgment is void; . . . or (6) any other reason justifying relief from operation of the judgment."
Clause (6) of this rule and the first five clauses of this rule are mutually exclusive, and relief cannot be obtained under (6) if it would have been available under one of the other five clauses. Assured Investors Life Ins. Co. v. NationalUnion Associates, Inc., 362 So.2d 228 (Ala. 1978); City ofBirmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981). Consequently, relief under Rule 60 (b)(6) is available only under circumstances not arising under 60 (b)(1)-(5); Rule 60 (b)(6) is reserved for "extraordinary circumstances," and is available only in cases of "extreme hardship or injustice,"City of Birmingham, supra, or when the case involves "aggravating circumstances," Giles v. Giles, 404 So.2d 649
(Ala. 1981). The decision to grant or to withhold Rule 60 (b)(6) relief being discretionary, the trial court's decision will not be reversed except for an abuse of that discretion.Textron v. Whitfield, 380 So.2d 259 (Ala. 1979). *Page 141 
On the other hand, a Rule 60 (b)(4) motion has a different standard of review on appeal. When the grant or denial turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand. Wonder v. Southbound Records, Inc.,364 So.2d 1173 (Ala. 1978). A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Ibid.
None of the facts that would establish a void judgment are present in the case at bar. In rendering his order awarding damages, Judge Rogers did not lack jurisdiction over the subject matter, nor did he lack jurisdiction over the parties. For aught that appears, he did not act in a manner inconsistent with due process. Indeed, a judgment is not void because of disqualification of a judge, but is only voidable on direct attack by appeal or by motion to set it aside. State ex rel.Burns v. Phillips, 250 Ala. 120, 33 So.2d 239 (1947). Consequently, defendant here could not prevail under a Rule 60 (b)(4) assertion under these facts.
An appeal from an order denying a Rule 60 (b) motion presents for review only the correctness of that order. The final judgment is not brought up for review. Coosa Marble Co. v.Whetstone, 294 Ala. 408, 318 So.2d 271 (1975). Furthermore, it must be assumed that Judge Beasley was aware that Rule 60 (b)(6) is an extreme and powerful remedy and should be resorted to only under extraordinary circumstances. Tichansky v.Tichansky, 54 Ala. App. 209, 307 So.2d 20 (1974), cert. denied,293 Ala. 775, 307 So.2d 24 (1975). Accordingly, Judge Beasley's action in refusing the 60 (b)(6) motion must be overturned only if he abused his discretion or erred in applying the law.
The defendant contends that the Honorable N. Daniel Rogers violated § 12-1-12, Code of 1975, and Canon 3C. (1)(b) of the Canons of Judicial Ethics.
Canon 3C. (1)(b) reads:
"C. DISQUALIFICATION:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
". . . .
 "(b) He served as a lawyer in a matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it." (Emphasis added.)
Section 12-1-12 states:
 "No judge of any court shall sit in any case or proceeding . . . in which he has been of counsel. . . ." (Emphasis added.)
In Rushing v. City of Georgiana, 361 So.2d 11 (Ala. 1978), this Court held that the trial judge should have recused himself by reason of his having prosecuted a criminal case against Rushing. The key element in that decision was the fact that a pending civil case and the previous criminal case arose out of the same matter in controversy. Rushing is distinguishable from the case at bar, however, because Rushing
involved review of a refusal by the Court of Civil Appeals to grant a writ of mandamus requiring the circuit court judge to recuse himself before trial. In the case before us, a default judgment was entered against Smith, and the order to pay damages on the judgment had been outstanding six months before any complaint of bias was filed by the defendant. Because this appeal proposes a review of a ruling on a Rule 60 (b)(6) motion rather than a review of a pre-trial denial of a writ of mandamus, Judge Beasley's duty to balance the finality of judgments against the desire to remedy injustice must be taken into account. Frazier v. Malone, 387 So.2d 145 (Ala. 1980). Deference should be given his judgment in this regard. Appellant should *Page 142 
have protested against Judge Rogers's sitting as a judge before or at the hearing on damages. It is well settled that the broad power granted by Rule 60 (b)(6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. Tichansky, supra.
In a case with facts similar to the present one,Acromag-Viking v. Blalock, 420 So.2d 60 (Ala. 1982), this Court considered a Rule 60 (b)(6) motion to set aside a judgment where it was argued that the judge should have been disqualified. That case involved a trial judge who was on the board of directors of a publishing concern that employed one of the named defendants. The judge denied an informal request by the plaintiff to recuse himself. That request was made during a recess at trial. The judge entered a judgment for the defendants. Plaintiff then filed a Rule 60 (b)(6) motion. The motion declared that the information on the trial judge's relationship to the defendant had not been available to plaintiff at the time of trial and that, had it been, a motion to recuse would have been made. The motion was heard and deniedby that very same trial judge. This Court held that those facts were sufficient to constitute reversible error, and the case was remanded for a new trial.
Important differences exist between the instant case andBlalock, supra. First of all, the Rule 60 (b)(6) motion inBlalock was heard by the same judge who was complained of in the motion. In the case at bar, on the other hand, the judgecomplained of recused himself from hearing the motion andtransferred the case to a different judge. Arguably, when the judge who rules upon the Rule 60 (b)(6) motion is not the judge who heard the case and his actions are subsequently complained about, it will be more difficult to show abuse of discretion.
Another important difference in these two cases is that, inBlalock, the trial judge had a relationship with one of the defendants which was ongoing and continued right up to the time of the appeal. However, in the case at bar, the judge complained of had no connection with either of the parties atthe time of the appeal, nor at the time of the judgment. He had represented a co-defendant in the case; this co-defendant had been dismissed as a party 10 months before he rendered the decision complained of.
Doubtless, Judge Beasley concluded that this tenuous relationship to the matter in controversy did not represent facts substantial enough to have demanded Judge Rogers's recusal at the damages hearing. Thus, Judge Beasley's exercise of his broad discretion cannot be viewed as an abuse thereof. It follows that his order denying Rule 60 (b) relief is due to be affirmed. It is so ordered.
AFFIRMED.
MADDOX, JONES and SHORES, JJ., concur.
TORBERT, C.J., concurs specially.