L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from denial of relief under Rule 60(b)(6), Alabama Rules of Civil Procedure.
Charles Reed sustained a work-related injury in July 1984. He brought suit for workmen’s compensation benefits in October 1985. On August 5, 1987, the trial court found Reed to be permanently and totally disabled as a result of the injury sustained to his hip and thigh. The trial court specifically found a shoulder injury to be noncompensable under the workmen’s compensation act.
On August 27, 1987, Palmer & Cay/Carswell (appellant) filed a motion for reconsideration or, in the alternative, for new trial. Both parties consented to waive the Rule 59.1, A.R.Civ.P., deadline. The trial court denied appellant’s motion on January 11, 1988. Appellant filed notice of appeal with this court on February 26, 1988. Appellant’s appeal was dismissed as being untimely filed.
Thereafter, on March 11, 1988, appellant filed a Rule 60(b)(6) motion for relief from judgment. The grounds enumerated in appellant's Rule 60(b)(6) motion are identical to grounds raised in his August 27, 1987, motion. In addition to the identical grounds, appellant’s Rule 60(b)(6) motion attacks the trial court’s denial of his August 27, 1987, motion; contends that extreme hardship would result if the court failed to reopen the judgment; and asserts that the trial court failed to consider his meritorious defenses presented at trial.
On March 16, 1988, appellant amended his Rule 60(b)(6) motion to include a new ground. The amendment sought to have the trial court make findings concerning the effect, if any, a noncompensable shoulder injury had upon Reed’s ability to engage in gainful employment. The trial court denied appellant’s motion. Appellant appeals.
The decision to grant or deny a Rule 60(b)(6) motion is within the sound discretion of the trial court. The trial court will not be reversed except for an abuse of that discretion. Boles v. Hooper & McDonald, Inc., 424 So.2d 634 (Ala.Civ.App.1983).
An appeal from an order denying a Rule 60(b)(6) motion presents for review only the correctness of that order. The final judgment is not brought up for review. City of Daphne v. Coffey, 410 So.2d 8 (Ala.Civ.App.1982). Furthermore, Rule 60(b)(6) is an extreme and powerful remedy and should only be resorted to under extraordinary circumstances. Charles Townsend Ford, Inc. v. Edwards, 374 So.2d 900 (Ala.Civ.App.1979).
*189 The facts in this instance do not indicate an extraordinary circumstance. It is apparent that this appeal is not an attack on the order of denial itself, but an attack upon the merits of the judgment. The motion was not based on any new evidence. The motion attacks only the evidence presented at trial. AH of appellant’s contentions raised in his Rule 60(b)(6) motion could have been raised on appeal. The record discloses, however, that appellant’s appeal to this court was dismissed because of an untimely filing. Based upon our review of the record, it appears that the motion was used, in effect, as a substitute for a proper appeal. Rule 60(b)(6) may not be utilized to relieve a party from his own failure to take a timely appeal. Dobbins v. Anderson, 496 So.2d 63 (Ala.Civ.App.1986).
We find appellant utilized Rule 60(b)(6) as a substitute for appeal. Therefore, the trial court did not abuse its discretion in denying the motion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.