ROBERTSON, Presiding Judge.
This is an appeal from the denial of a Rule 60(b), A.R.Civ.P., motion for relief from a judgment.
Larry Heard and Bonnie C. Heard filed a complaint in the Tallapoosa County Circuit Court on October 3, 1991, for the return of property seized by law enforcement officers during the execution of a search warrant and the arrest of Larry Heard on drug charges. After various motions and hearings, the trial court found that forfeiture proceedings by the state would be time barred as to the property seized from the Heards, which included $1,030.40 in cash, and so held by order entered on December 19, 1991. In the same order, the trial court took judicial notice that Larry Heard owed court costs in the two criminal cases in circuit court which arose out of this matter in the amount of $696 and $738 respectively which had not been paid. The trial court then ordered that the $1,030.40 held by the Sheriff of Tallapoosa County which belonged to the Heards be paid over to the circuit clerk and applied toward the payment of Larry Heard’s court costs in those two cases.
On February 4, 1992, the Heards filed a motion for relief from judgment pursuant to Rule 60(b), A.R.Civ.P., alleging that only $38.40 of the $1,030.40 belonged to Larry Heard and that the balance belonged to Bonnie C. Heard. The motion contended that the parties were entitled to relief from the December order because the trial court erroneously disposed of the $1,030.40 by payment of Larry Heard’s court costs without an adjudication as to each party’s interest in the property. The motion was supported by affidavits from both Larry and Bonnie. The trial court denied the Rule 60(b) motion by order entered February 14, 1992.
Only Bonnie C. Heard filed notice of appeal from the denial of the Rule 60(b) motion. We note that the trial court entered a Rule 54(b) order on March 13, 1992, as to the December 19th order, but no appeal was ever taken from that judgment. The only issue before this court is whether the trial court erred in denying the Heards’ request for Rule 60(b) relief.
A Rule 60(b) motion cannot be used as a substitute for an appeal to relieve parties from their failure to exercise the *262 right of appeal from an adverse judgment. McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985). In order for the trial court to grant Rule 60(b) relief, the moving party must allege and prove one of the grounds set out in the rule. Frazier v. Malone, 387 So.2d 145 (Ala.1980).
The Heards’ allegations in their motion, and the supporting affidavits, maintain that Bonnie C. Heard was deprived of her property without due process of law in that the money was disposed of by the trial court without an adjudication as to each party’s interest in the money, causing the judgment to be “void on its face.... ”
Rule 60(b)(4) provides for relief when the judgment is void and has a different standard of review on appeal than other Rule 60(b) motions. Smith v. Clark, 468 So.2d 138 (Ala.1985). If the judgment is void, the trial court is to set it aside, but if the judgment is not void, the trial court must let it stand. Smith. A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if the court rendered judgment inconsistent with due process. Smith.
As previously stated, the record reflects that this action began with the filing of the complaint by the Heards in the Circuit Court of Tallapoosa County for the return of seized property, which included the $1,030.40. The Heards subjected themselves, as well as the money, to the jurisdiction of the circuit court. Therefore, the trial court did not lack jurisdiction of the subject matter, nor did it lack jurisdiction of the parties. The record also reflects that the Heards were afforded due process, i.e., a chance to be heard as to the ownership of the money at all times prior to the entry of the judgment. Therefore, we cannot hold that the December 19th judgment was void. Smith.
While a judgment may be voidable on direct attack by a timely Rule 59 motion or by appeal, the movant here could not prevail under a Rule 60(b)(4) motion when the judgment is not void. Smith.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.