BUTTS, Justice.
This Court granted the petition of Luther Stanley Pate IV for a writ of certiorari in order to review whether the Court of Civil Appeals erred in affirming the trial court’s ruling in favor of Reginald Watkins in an action to recover workers’ compensation benefits.
Watkins sued Transamerican Properties, Inc.; Transamerican Equipment Company, *428 Inc.; Pate Companies; and three fictitiously named defendants, seeking to recover workers’ compensation benefits for an injury he suffered during his employment with Trans-ameriean Properties.[1] One of the three fictitiously named parties was described as “that person or those persons, individually or and/or partners [sic], who was plaintiffs employer at the time of the occurrence made the basis of the plaintiffs complaint.” All three named defendants were served with notice by certified mail addressed in care of Luther Stanley Pate IV, who was not individually named as a defendant.
On the day the case was set for trial, Watkins amended his complaint, substituting LSP Construction Company, Inc., and Pate Development, Inc., for fictitiously named parties. Again, the amended complaint was served in care of Pate. The trial began immediately after Watkins had amended his complaint.
The trial court entered a judgment in favor of Watkins, finding that he v/as entitled to workers’ compensation benefits. Further, the trial court found that when Watkins was injured, Transamerican Properties was his general employer and LSP Construction was his special employer, and that those two defendants were liable for his injury. The court held that the other named defendants were not liable. The court additionally found that Watkins had presented sufficient evidence to pierce the corporate veil of Trans-american Properties and LSP Construction to hold Pate personally liable for Watkins’s workers’ compensation benefits. Pate appealed.[2]
On appeal to the Court of Civil Appeals, Pate contended that the trial court erred in rendering a judgment against him, when, he argued, he was never named as a defendant, was never served with a complaint, and was not put on notice before trial of any claim of personal liability against him. Pate argued that on the day Watkins amended his complaint to add LSP Construction and Pate Development as defendants, Watkins elected not to substitute Pate for the fictitiously described party identified as “that person or those persons, individually or and/or partners [sic], who was plaintiffs employer at the time of the occurrence made the basis of the plaintiffs complaint.” Therefore, Pate claimed, that fictitiously named party was dismissed under the operation of Rule 4(f), Ala.R.Civ.P., when Watkins proceeded to trial against the named defendants. In other words, Pate asserts that the trial court lacked personal jurisdiction over him and that the judgment against him is void and must be set aside.
Rule 4(f), Ala.R.Civ.P., provides:
‘When there are multiple defendants and the summons (or other document to be served) and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment. After the entry of judgment, if the plaintiff is unable to obtain service on a defendant or defendants not previously served (except, however, defendants designated as fictitious parties as allowed by Rule 9(h), who shall be deemed to have been dismissed voluntarily when the case was announced ready for trial against other defendants sued by their true names), the court shall hear and determine the matter as if such defendant or defendants had originally been brought into court, but such defendants or defendants shall be allowed the benefit of any payment or satisfaction which may have been made on the judgment previously entered in the action.”
(Emphasis added.)
Failure of proper service under Rule 4 deprives a court of jurisdiction and *429 renders its judgment void. Shaddix v. Shaddix, 603 So.2d 1096 (Ala.Civ.App.1992). If a court lacks jurisdiction of a particular person, or if it denied that person due process, then the court’s judgment is void. Smith v. Clark, 468 So.2d 138 (Ala.1985). A void judgment must be set aside. Smith, supra. Furthermore, strict compliance with the rules regarding service of process is required. Aaron v. Aaron, 571 So.2d 1150 (Ala.1990). In Cofield v. McDonald’s Corp., 514 So.2d 953 (Ala.1987), this Court held that a plaintiff is required to properly name a defendant in order to properly sue that defendant.
We conclude that the trial court lacked jurisdiction to impose liability upon Pate and, therefore, that the judgment against Pate in his individual capacity is void. Pate was never named as a defendant in his individual capacity. He appeared at trial only in his representative capacity as the part owner and president of Transamerican Equipment and as the full owner and president of Transamerican Properties and LSP Construction. The judgment against Pate is due to be set aside.
We reverse the judgment of the Court of Civil Appeals and remand this case to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, HOUSTON, and KENNEDY, JJ., concur.
HORNSBY, C.J., recused.

. The facts of this injury claim are irrelevant to the issues raised on appeal, and, accordingly, they will not be addressed.

. Although Transamerican Properties and LSP Construction were held liable for Watkins's workers’ compensation benefits and although their names appeared in the style of the appeal to the Court of Civil Appeals, the only issue raised on appeal to the Court of Civil Appeals dealt with Pate’s personal liability.