Lee George petitions this Court for a writ of mandamus directing Judge Caryl Privett to recuse herself and take no further action in George's personal-injury action against Alabama Power Company. We deny the petition.
On May 3, 2004, George sued Alabama Power, seeking compensation for injuries he received when he came into contact with an energized power line owned and maintained by Alabama Power. The case was assigned to Judge Privett; Alabama Power has been represented by the law firm of Balch Bingham LLP ("Balch") since George filed his complaint. In January 2006, while George's action was pending, Susan Nettles, a third-year student at Cumberland School of Law ("Cumberland"), enrolled in a "clinical education" program, otherwise referred to as a "judicial externship," offered by Cumberland. According to the course description, "[s]tudents sign up to work within the office of a state court judge." They are "required to work a minimum of 56 hours and submit . . . written work," for which they receive school credit but no remuneration. Assignment of a student to a particular judge *Page 791 
is made by the Cumberland administration with the approval of the judge.
Nettles was assigned to Judge Privett, who subsequently learned that Nettles had entered into an employment agreement with Balch and that she was scheduled to begin employment in September 2006 as an associate at Balch. Nettles spent approximately one day per week throughout the 2006 spring semester in Judge Privett's court doing research and observing matters handled by the court. In that connection, she attended various motion hearings in this case.
Trial began in April 2006. Nettles attended some sessions of the trial, which lasted nearly three weeks. The jury failed to reach a verdict, however, and a mistrial was declared in May 2006. The court promptly scheduled a new trial to begin on October 16, 2006. After the mistrial, George's counsel learned of Nettles's employment agreement with Balch.
On June 16, 2006, George filed a motion to recuse, requesting, among other things, that Judge Privett "disqualify herself from all further proceedings in this case." The motion was based on Canon 3.C.(1), Alabama Canons of Judicial Ethics, which provides, in pertinent part: "A judge should disqualify [herself] in a proceeding in which [her] disqualification is required by law or [her] impartiality might reasonably bequestioned . . ." (Emphasis added.) Judge Privett conducted a hearing on the motion to recuse on June 19, 2006, and subsequently denied the motion. In her order denying the motion to recuse, Judge Privett stated, in pertinent part:
 "Frequently, this court has . . . had externs from Cumberland School of Law, either during the summer for a month at a time, serving as volunteer law clerks, or as participants in the school's `Judicial Observation' class. . . .
 "The law student in question . . . did advise the court that she was going to work for the law firm of Balch Bingham beginning in September 2006. She did no work on this case, . . . and she participated in no confidential discussions with the court concerning this case. She did observe several proceedings in this case, including parts of the trial."
(Emphasis added; footnotes omitted.)
George then filed this petition, seeking "a writ of mandamus directing that the trial court recuse herself from this case." Petition, at 15. Cumberland filed a brief as amicus curiae.
A mandamus petition is a proper method by which to seek review of a trial court's denial of a motion to recuse. Ex parteCity of Dothan Pers. Bd., 831 So.2d 1, 5 (Ala. 2002); Exparte Cotton, 638 So.2d 870, 872 (Ala. 1994), abrogatedon other grounds, Ex parte Crawford, 686 So.2d 196
(Ala. 1996). A trial judge's ruling on a motion to recuse is reviewed to determine whether the judge exceeded his or her discretion. See Borders v. City of Huntsville,875 So.2d 1168, 1176 (Ala. 2003). The necessity for recusal is evaluated by the "totality of the facts" and circumstances in each case. Dothan Pers. Bd., 831 So.2d at The test is whether "`facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.'" In re Sheffield,465 So.2d 350, 355-56 (Ala. 1984) (quoting Acromag-Viking v.Blalock, 420 So.2d 60, 61 (Ala. 1982)).
George does not allege that Judge Privett possesses"personal bias or prejudice . . . or personal knowledge
of disputed evidentiary facts concerning the proceeding." See Canon 3.C.(1)(a), Alabama Canons of Judicial Ethics (emphasis added). Instead, George contends that Judge Privett exceeded her discretion in denying his motion to recuse, because, he insists, "[a] reasonable person knowing all of the facts concerning the judicial extern's employment *Page 792 
relationship with the law firm representing Alabama Power would question the trial judge's impartiality." Petition, at 6. According to George, "it was never disclosed, either by the trial judge or by . . . Alabama Power, that the . . . extern had . . . interviewed with and accepted full-time employment with the law firm representing Alabama Power." Id. He says that, despite Judge Privett's assurances that "the extern avoid[ed] all `participation' in the case," her "extern was present at various times during [motion hearings] and the trial." Id. Thus, he argues, a "reasonable person, knowing all of the relevant circumstances, would conclude that the trial judge's impartiality might reasonably bequestioned." Id. (Emphasis added.) In support of that proposition, he cites Hall v. Small BusinessAdministration, 695 F.2d 175, 180 (5th Cir.1983) (where the magistrate's law clerk "worked on" the opinion of the court after accepting employment with counsel for one of the parties, the magistrate erred "in failing voluntarily to disqualify himself or to insulate himself from his clerk on the facts known to him before he rendered judgment"); and Miller Industries,Inc. v. Caterpillar Tractor Co., 516 F.Supp. 84
(S.D.Ala.1980) (participation by a law clerk in the preparation and bench trial of an action after accepting an offer of employment with counsel for one the parties mandated recusal by the trial judge and vacatur of the judgment). See also Huntv. American Bank Trust Co. of Baton Rouge,783 F.2d 1011, 1015 (11th Cir.1986) ("Clerks should not work on such cases, just as a judge should not hear cases in which his business associates are involved.").
However, Alabama Power states that Nettles "has completed her class, started full-time employment with [Balch], is not working on this case, and will not be in court for the second trialof this case." Alabama Power's brief, at 27 (emphasis added). In essence, it insists that, even if an appearance of impropriety might have existed during Nettles's affiliation with Judge Privett, any such appearance has been cured by the termination of the externship and the fact that the case will necessarily be retried without Nettles's involvement. We agree.[1]
It is widely recognized that "absent a statutory provision to the contrary, a determination of disqualification will not prevent a judge from reassuming full jurisdiction if the disqualification has been removed." Matthews v. State,313 Ark. 327, 331, 854 S.W.2d 339, 341 (1993). See alsoFlannery v. Flannery, 203 Kan. 239, 240, 452 P.2d 846,848 (1969) (trial judge could resume jurisdiction of the case after "the matter which had required his disqualification appeared to have been finally adjudicated"); In re Estate ofOdineal, 220 Neb. 168, 174, 368 N.W.2d 800, 804 (1985) (judge who had recused himself at a conservatorship hearing "because he was personally acquainted with both the conservator and the decedent during her lifetime" was not disqualified to decide whether the personal representative was entitled to "compensation, fees, and expenses" after "the will contest had been settled [and] there no longer existed any reason for [the judge's] disqualification on any grounds"); Miller-VidorLumber Co. v. Schreiber, 298 S.W. 154, 162
(Tex.Civ.App. 1927) (judge, who initially recused himself because his brother was a defendant, could resume jurisdiction after his brother was dismissed, "the case [standing] for trial as though he had never been a party").
Alabama's Judicial Inquiry Commission ("JIC") "has held on a number of occasions *Page 793 
that, unless there are extraordinary factors that would require continued disqualification, a judge is not disqualified tohear an action after a circumstance causing disqualification hasceased to exist." Ala. Jud. Inquiry Comm'n Adv. Op. No. 05-852 (June 10, 2005) (emphasis added) ("the judge's impartiality is not reasonably questionable where the judge's spouse is no longer employed as a legal secretary for a firm representing a party") (citing Advisory Opinions 92-454, 94-516, and 96-605).
Indeed, in Dothan Personnel Board, cited by Alabama Power, this Court held that "the preexisting disqualification" occasioned by the dual representation of a party — and of the trial judge himself in an unrelated proceeding — was cured by the withdrawal of the concurrent counsel from the case before the judge, thus "obviat[ing] the necessity for" the trial judge's recusal. 831 So.2d at 13. The Court stated:
 "As earlier discussed, we conclude that the trial judge in this case was disqualified under Canon 3.C.(1) no later than July 12, 2001, and was therefore under a duty at that point to recuse himself. We further hold, however, consistent with the views expressed by the JIC in its various advisory opinions, that such a disqualification can be removed
where the judge's attorney withdraws from the case pending before the judge and another member of the same firm, who has had no involvement in the judge's case, takes over the handling of the case, or when the litigation involving the judge concludes or the representation of the judge in that litigation by the lawyer in question otherwise ceases."
831 So.2d at 11 (emphasis added). Accord Ex parteCotton, supra, abrogated on other grounds, Ex parteCrawford, 686 So.2d 196 (Ala. 1996).
In this case, by the time the recusal motion was filed and argued before Judge Privett, Cumberland's 2006 spring semester had ended and the allegedly conflicted extern was no longeraffiliated with the court or with this case. Moreover, a mistrial had been declared, and a new trial scheduled. Assuming,arguendo, that Judge Privett was initially disqualified by Nettles's involvement with this case, her disqualification was cured when the extern ceased her affiliation with the court and with this case and a new trial was ordered. A reasonable observer could not conclude that these circumstances prevent Judge Privett from proceeding with this action
impartially. Consequently, she did not exceed her discretion in refusing to recuse herself, and the mandamus petition is denied.[2]
PETITION DENIED.
NABERS, C.J., and SEE, LYONS, HARWOOD, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] Alabama Power also attempts to distinguish between the role assumed by Nettles as an extern and that assumed by the traditional, remunerated law clerk. Because we resolve this dispute on another ground, we do not address that alleged distinction.
[2] George's mandamus petition does not request an order directing a vacatur of orders entered during the extern's affiliation with the court.