965 So.2d 789 (2007)
Lanny W. KIMBRELL
v.
Larinda KIMBRELL.
2050559.
Court of Civil Appeals of Alabama.
April 6, 2007.
*791 Thomas A. King, Gadsden, for appellant.
David T. Puckett of Lambert & Howison, P.C., Athens, for appellee.
THOMPSON, Presiding Judge.
Lanny W. Kimbrell ("the father") and Larinda Kimbrell ("the mother") were divorced by a January 26, 2004, judgment of the Limestone Circuit Court. Two children were born of the parties' marriage, a daughter who was nearly eight years old and a son who was nearly two years old at the time of the September 14, 2005, hearing in this matter. Pursuant to a settlement agreement incorporated into the parties' divorce judgment, the parties shared joint legal custody of the children, with the mother having primary physical custody.
By a letter dated January 11, 2005, the mother notified the father, pursuant to § 30-3-165, Ala.Code 1975, a part of the Alabama Parent-Child Relationship Protection Act, § 30-3-160 et seq., Ala.Code 1975, that she intended to move with the children to West Virginia. On February 16, 2005, the father filed a pro se objection to the relocation. The father did not seek a temporary order prohibiting the mother from relocating the children before the trial court conducted a hearing and entered a final order on the matter. On February 24, 2005, the mother moved with the children to West Virginia.
On September 14, 2005, the parties presented ore tenus evidence to the trial court at a hearing on the father's objection. On October 17, 2005, Circuit Judge James W. Woodroof, the original trial court judge in this matter, entered a detailed judgment that stated, in part, that "the move and change of residence by the mother and minor children is approved and ratified by this Court." Judge Woodroof ordered, among other things, a change in the father's visitation schedule.
The father filed a motion to alter or amend the judgment on November 10, 2005, which the trial court set for a hearing on January 3, 2006. On January 3, 2006, the father filed a motion to continue the hearing set for that day. Judge Woodroof granted the motion to continue and reset the hearing on the father's postjudgment motion for January 26, 2006.
Also on January 3, 2006, the father filed a motion to recuse. In that motion, the father alleged that Judge Woodroof had a conflict of interest because he had "represented the [mother] in the past prior to becoming a Judge."[1] The father's motion to recuse did not seek to have Judge Woodroof set aside the October 17, 2005, judgment. On January 5, 2006, Judge Woodroof granted the father's motion to recuse and canceled the January 26, 2006, hearing. The case was reassigned to Circuit Judge Robert M. Baker, who, on February 10, 2006, set the case for a status conference on February 22, 2006. The father's November 10, 2005, postjudgment motion was denied by operation of law on February 8, 2006, approximately one month after Judge Woodroof had granted the father's motion to recuse. See Rule 59.1, Ala. R. Civ. P. (providing that postjudgment motions are deemed denied by operation of law 90 days after the date the motion is filed).[2]
*792 At the February 22, 2006, status conference, Judge Baker asked the parties to clarify and argue issues relevant to the father's postjudgment motion at an upcoming hearing. It does not appear that the parties or the trial court realized that the father's postjudgment motion had already been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P.
Thereafter, on March 15, 2006, the father filed a motion entitled "Amended Motion to Alter, Amend, or Vacate Judgment, or, in the Alternative, a Motion for a New Trial." The father's March 15, 2006, motion stated substantially the same grounds as his November 10, 2005, motion, as well as the additional ground that Judge Woodroof's recusal rendered the October 17, 2005, judgment voidable.[3] In his March 15, 2006, motion, the father asked the trial court to "alter, amend, or vacate" the October 17, 2005, judgment or to grant him a new trial.
On March 28, 2006, the trial court conducted a hearing on the March 15, 2006, motion. Judge Baker indicated that he was going to deny the postjudgment motion being discussed. The father responded by indicating that he wanted to file a motion pursuant to Rule 60(b), Ala. R. Civ. P., in open court; Judge Baker stated that he would deny that motion. That same day, March 28, 2006, the father filed a motion entitled "[Father's] Motion to Vacate Judgment" pursuant to Rule 60(b), and Judge Baker denied it.[4]
The father filed a notice of appeal on April 3, 2006, and indicated that he desired to appeal the denials of the November 10, 2005, motion, the March 15, 2006, motion, and the March 28, 2006, motion. However, in his brief on appeal, the father asserts only an argument pertaining to the denial of the March 28, 2006, motion and an argument that appears to pertain to the merits of the original judgment. Because of the procedural complexity of this matter, at this court's request, the parties submitted letter briefs detailing their positions regarding the nature and timeliness of the various motions filed after the entry of the October 17, 2005, judgment.
We initially address the father's first two motions. It is undisputed that the father's original postjudgment motion was denied by operation of law on February 8, 2006.[5] After that denial, but within the time for taking an appeal from it and from the October 17, 2005, judgment, the father filed his March 15, 2006, motion. We recognize that "[t]he substance of a motion and not its style determines what kind of motion it is." Evans v. Waddell, *793 689 So.2d 23, 26 (Ala.1997). In his March 15, 2006, motion, the father mentioned that Judge Woodroof's recusal had made the October 17, 2005, judgment voidable; however, he did not seek to have the judgment declared void on that ground. Rather, the father focused the motion on the same grounds listed in his earlier postjudgment motion regarding the merits of the judgment, and he sought only to "alter, amend, or vacate" the October 17, 2005, judgment or to obtain a new trial. Accordingly, it is clear from the substance of the father's March 15, 2006, motion that it was a motion under Rule 59(e), Ala. R. Civ. P.
The March 15, 2006, motion, was, therefore, a successive postjudgment motion that sought the same relief as the father's original November 10, 2005, postjudgment motion. Generally, successive postjudgment motions are not permitted under our rules. Gold Kist, Inc. v. Griffin, 659 So.2d 626, 627 (Ala.Civ.App.1994). Our supreme court has explained:
"[I]n some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b) motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial."
Ex parte Dowling, 477 So.2d 400, 404 (Ala. 1985).[6] Because it did not fall within the exception discussed by the supreme court in Ex parte Dowling, the father's March 15, 2006, motion was successive and not allowed.
In his brief on appeal, the father challenges the denial of his March 28, 2006, motion. The father filed that motion pursuant to Rule 60(b)(6).[7] An appeal from a denial of a Rule 60(b)(6) motion *794 presents only the correctness of the ruling on the motion for review upon appeal; it does not present for review the correctness of the judgment from which relief was sought. Palmer & Cay/Carswell, Inc. v. Reed, 535 So.2d 187 (Ala.Civ.App.1988); Smith v. Clark, 468 So.2d 138, 141 (Ala. 1985). "`"Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice."'" R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala.1994)(quoting Chambers County Comm'rs v. Walker, 459 So.2d 861, 866 (Ala.1984), quoting in turn Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 920 (Ala.1983)).
The father argues that his Rule 60(b)(6) motion should have been granted on the authority of Acromag-Viking v. Blalock, 420 So.2d 60 (Ala.1982). In that case, the plaintiff sued a company and its president seeking to recover on an itemized account. On the day of the trial, the judge revealed that he knew and had social contact with the vice president of the company. The trial judge denied an "informal request" for a new trial judge. 420 So.2d at 61. After the entry of judgment, the plaintiff filed a Rule 60(b)(6) motion alleging that it had just learned that the trial judge was on the board of directors for the company. The trial judge denied the Rule 60(b) motion, and our supreme court reversed, concluding that the trial judge's failure to recuse himself constituted an "exceptional circumstance" under Rule 60(b)(6) because "there were substantial facts . . . to question the trial judge's impartiality." Acromag-Viking v. Blalock, 420 So.2d at 61, 62.
In this case, the father filed his motion seeking Judge Woodroof's recusal in early January 2006, during the time that his November 10, 2005, postjudgment motion remained pending. However, in his motion to recuse, the father did not ask Judge Woodroof to set aside or vacate the October 17, 2005, judgment. Likewise, the father mentioned the possible conflict of interest in his March 15, 2006, motion and cited the fact that Judge Woodroof had recused himself, but he did not ask Judge Baker to vacate or set aside the October 17, 2005, judgment on that basis.
The representations of the father's lawyer at the March 28, 2006, hearing before Judge Baker indicate that the father learned immediately before or just after the entry of the October 17, 2005, judgment that Judge Woodroof had previously represented the mother. Judge Baker expressed concern that the father might have elected to wait to see if he received an adverse outcome from Judge Woodroof in his October 2005 judgment before deciding to seek Judge Woodroof's recusal. During the March 28, 2006, hearing, the father, although he was not under oath, stated that he learned of the possible conflict in December 2005. We note that the father did not mention the possible conflict of interest in his November 10, 2005, postjudgment motion.
Also at the March 28, 2006, hearing, the father's attorney argued the merits of the March 15, 2006, Rule 59(e) motion, and he asked Judge Baker to grant the father a new trial. When Judge Baker indicated that he would deny that motion, the father's attorney then stated that "if you are not going to grant [the motion for a new trial], then I need to file with the Court this [March 28, 2006, Rule 60(b)(6)] motion to vacate the judgment." Thus, the father did not ask for relief from the October 17, 2005, judgment on the basis of the possible conflict of interest until after Judge Baker had indicated that he would not order a new trial on that ground.
Our supreme court has stated:
"[U]nder Rule 60(b)(6), relief is granted only in those extraordinary and compelling *795 circumstances when the party can show the court sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments. See the Comment to Federal Rule of Civil Procedure 60(b). As the Court held in Nowlin v. Druid City Hosp. Bd., 475 So.2d 469 (Ala.1985), Rule 60 is no substitute for an appeal and is not available to relieve a party from his failure to exercise the right of appeal."
Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993) (emphasis added). Given the procedural history of this case, we cannot say that Judge Baker erred in determining that the father had failed to demonstrate the extraordinary circumstances necessary to justify relief under Rule 60(b).
AFFIRMED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs specially.
BRYAN, Judge, concurring specially.
I concur. I note that this case is decided solely on procedural grounds and not on the underlying merits regarding the Alabama Parent-Child Relationship Protection Act, § 30-3-160 et seq., Ala.Code 1975.
NOTES
[1] It appears that while the mother was a minor approximately 10 years before the hearing in this matter, Judge Woodroof had been hired by the mother's father to represent him as the mother's next friend in a civil action.
[2] The parties do not argue that the recusal of the judge during the pendency of the postjudgment motion somehow tolled the Rule 59.1 time period, and we need not address that issue to resolve this appeal.
[3] With regard to the motion to recuse, the father's March 15, 2006, motion read as follows:

"On January 5, 2006, the Honorable James Wood [sic], acting on the father's motion, recused himself, and the case was transferred to the Honorable Robert Baker. A motion seeking a judge's recusal, if granted, could require that the trial court's judgment be vacated. Borders v. City of Huntsville, 875 So.2d 1168 (Ala.2003). A judgment is not void because of disqualification of a judge, but is only voidable on direct attack by appeal or by motion to set it aside. Smith v. Clark, 468 So.2d 138 (Ala.1985)."
[4] The notation on the case-action-summary states that "[the father's] amended motions to alter, amend, or vacate are denied." (Emphasis added.)
[5] Nothing in the record shows that the parties agreed to extend the pendency of the father's postjudgment motion beyond the time prescribed by Rule 59.1. Absent such an express agreement reflected in the record, the father's November 10, 2005, postjudgment motion was denied by operation of law on February 8, 2006, when the trial court failed to rule on it. See Rule 59.1; see also State v. Redtop Market, Inc., 937 So.2d 1013, 1014-15 (Ala. 2006).
[6] Additionally, a Rule 59(e) motion must be filed within 30 days of the judgment it references. See Rule 59(e), Ala. R. Civ. P. The March 15, 2006, motion was not timely filed pursuant to Rule 59(e) because it was filed well in excess of 30 days after the entry of the October 17, 2005, judgment. See Rule 59(e) ("A motion to alter, amend, or vacate the judgment shall be filed not later than thirty (30) days after entry of the judgment."). The March 15, 2006, motion, because it was not timely filed, did not invoke the jurisdiction of the trial court.
[7] Subject to certain limitations, a party may seek relief from a judgment pursuant to Rule 60(b) on the following bases:

"(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."
In his March 28, 2006, Rule 60(b) motion, the father argued that the October 17, 2005, judgment should be vacated because the trial court judge who entered that judgment later recused himself from the action. However, "a judgment is not void because of disqualification of a judge, but is only voidable on direct attack by appeal or by motion to set it aside." Smith v. Clark, 468 So.2d 138, 141 (Ala.1985). We note that Rule 60(b)(4), providing for relief from a void judgment, does not apply when the judgment is merely voidable. See Williams v. Williams, 581 So.2d 1116, 1117 (Ala.Civ.App.1991) ("[A] Rule 60(b)(4) motion to have a prior judgment set aside will be granted only where the prior judgment is void rather than voidable.").