BRYAN, Judge,
dissenting.
I respectfully dissent. Under Canon 3.C.(1), Alabama Canons of Judicial Ethics, a judge is required to recuse himself or herself in a proceeding where “ ‘facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.’ ” Ex parte Duncan, 638 So.2d 1332, 1334 (Ala.1994) (quoting Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982)). Here, the trial judge’s sworn affidavit stated, among other things, that he had known Clayton “for a number of years,” that he knew Clayton “to be a hard working and dedicated individual who is well-respected in the community,” and that he recommended Clayton “wholeheartedly and without reservation” for admission to the Alabama State Bar. I conclude that those statements would cause “another person, knowing all of the circumstances, [to] reasonably question the judge’s impartiality. ...” Ex parte Duncan, 638 So.2d at 1334 (citing, among other cases, Ex parte Balogun, 516 So.2d 606 (Ala.1987)). Thus, the trial judge exceeded his discretion by denying Price’s motion for recusal. See In re Sheffield, 465 So.2d 350, 357 (Ala.1984) (“As stated in Canon 1 of the Code of Judicial Ethics, ‘An independent and honorable judiciary is indispensable to justice in our society,’ and this requires avoiding all appearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal.”). I would reverse the trial court’s judgment and remand the cause for proceedings consistent with this special writing.