LYONS, Justice
(dissenting).
Hazel Stutts petitions this Court for a writ of mandamus directing the trial judge to recuse himself from the underlying medical-malpractice litigation. The Court denies Stutts’s petition, without an opinion. I must respectfully dissent.
On April 17, 2007, Stutts sued Joshua D. Vacik, M.D., and Medical Associates of the Shoals, P.C. (“MAS”), alleging that Dr. Vacik, while acting on behalf of MAS, violated the standard of care required of him by negligently failing to timely diagnose and treat a condition in her eye known as temporal arteritis. Stutts claimed that she suffered permanent blindness as a result of the alleged negligence. The deposition of Dr. Vacik includes the following questions from Stutts’s lawyer and responses from Dr. Vacik:
“Q. All right. And back during the time period that you were treating Mrs. Stutts, you were affiliated with Medical Associates of the Shoals, P.C.?
“A. That’s correct.
“Q. Okay. And you’re a member of that professional corporation?
“A. Yes, sir.
“Q. Who are the other principals in that P.C.?
“A. Jack McClendon, Brad McAnnal-ley, Randy Pounders, and Donald Conklin.”
According to records from the Alabama Secretary of State, Dr. Jack McClendon is also the registered agent for and incorpo-rator of MAS.
The trial judge disclosed that Dr. McClendon was his primary-care physician. The trial judge further noted that his relationship with his primary-care physician would have no effect on his impartiality to serve as the judge in this case. Stutts filed a motion seeking the trial judge’s recusal, alleging that the trial judge’s primary-care physician “has a business and financial interest in the outcome of this litigation” and that for the trial judge to preside over the trial of Dr. Vacik and MAS “would necessarily call into question the impartiality of [the trial judge].” The motion was based on Canon 3.C.(1), Alabama Canons of Judicial Ethics, which provides, in pertinent part: “A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned.... ” Following a hearing, the trial judge entered an order denying the motion to recuse and stating, among other things, “[t]hat there has been no showing to the reasonable satisfaction of the court that [Dr. McClendon] has any financial interest in the outcome of this case.”
In Ex parte Duncan, 638 So.2d 1332, 1334 (Ala.1994), this Court stated the following concerning Canon 3.C.(1):
“Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when ‘facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.’ Acromag-Viking v. Blalock, 420 So.2d *93 60, 61 (Ala.1982). Specifically, the Canon 3(C) test is: Would a person of ordinary prudence in the judge’s position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the Judge’s impartiality?’ Matter of Sheffield, 465 So.2d 350, 356 (Ala.1984). The question is not whether the Judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge’s impartiality — whether there is an appearance of impropriety.”
(Emphasis added.)
It blinks reality to deny that Dr. McClendon, a member of MAS, has any financial interest in the outcome of this litigation. We have nothing before us to establish the existence or limits of any insurance coverage, but, even assuming that any judgment that might be entered in this proceeding is fully covered by insurance, a scenario most favorable to the financial condition of MAS if a judgment is rendered against it, the prospect of increased premiums owed by MAS or the cancellation of MAS’s coverage are matters in which Dr. McClendon, as a member of MAS, is directly interested.
We do not here deal with whether the trial judge is in fact impartial. We look only for the appearance of impropriety. The hypothetical person of ordinary prudence evaluating the existence of the appearance of impropriety in the trial judge’s hearing a case in which his personal physician has a financial interest would of necessity be cognizant of the significance of the exposure of the physician to the risk of increased premiums or the cancellation of coverage for his practice group. This hypothetical person would have to be living in a vacuum if he or she was unaware of the sensitivity of medical practitioners to the increasing costs of liability-insurance coverage or the risks of its unavailability. I would grant the petition and issue the writ to require the trial judge to recuse himself.
COBB, C.J., concurs.