MOORE, Judge."
Michael Damon Dupre (“the former husband”) appeals from an order entered by Jefferson Circuit Judge Julie A. Palmer denying his motion to recuse. We affirm the order.
*359 Background
On April 4, 2014, the St. Clair Circuit Court entered a judgment divorcing the former husband from Leah Sparks Dupre (“the former wife”). On July 14, 20Í5, the former wife filed in the Jefferson Circuit Court (“the circuit court”) a motion to enroll the divorce judgment and a petition for a rule nisi. The clerk of the circuit court assigned the action to Judge Palmer, who, at the time, had qualified to run for réelection as a circuit-court judge for Jefferson County, Place 20. On July 29, 2015, the former husband moved to change venue to the St. Clair Circuit Court. After a hearing,[1] Judge Palmer denied the motion. The former husband subsequently filed an answer and a counterclaim.
On April 8, 2016, the former husband filed a motion seeking the recusal of Judge Palmer on the ground that Stephen L. Sexton, one of the former wife’s attorneys, had made a $480 in-kind contribution to Judge Palmer’s campaign on September 24, 2015. Judge Palmer entered an order on April 11, 2016, denying the motion to recuse. The former husband filed a notice of appeal on April 27, 2016.[2]
Discussion
Section 12-24-3(a), Ala. Code 1975, provides:
“In any civil action, on motion of a party or on its own motion, a justice or. judge shall recuse himself or herself from hearing a case if, as a result of a substantial campaign- contribution or electioneering communication made to or on behalf of the justice or judge in the immediately preceding election by a party. who has a case pending before that justice or judge, either of the following circumstances exist:
“(1) A reasonable person would perceive that the justice or judge’s ability to carry out his or her judicial responsibilities with impartiality is impaired.
“(2) There is a serious, objective probability of actual bias by the justice or judge due to his or her acceptance of the campaign contribution.”
Subsection (a) of § 12-24-3 applies when a party moves to recuse a judge on the ground that the opposing party, which would include an attorney of the opposing party, see Ala. Code 1975, § 12-24-3(c)(4), had made.a substantial campaign contribution to the judge in the “immediately preceding” judicial election. Justice Robert L. Brown, . Retired, Judicial Recusal: It’s Time to Take Another Look Post-Caperton, 38 Univ. Ark. Little Rock L. Rev. 63, 72 (2015).
Neither this court. nor- our supreme court has addressed the meaning of *360 § 12-24-3(a). “The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. If possible, the intent of the legislature should be gathered from the language of the statute itself.” Volkswagen of Am., Inc. v. Dillard, 579 So.2d 1301, 1305 (Ala.1991). “When the language of a statute is plain and unambiguous, ... courts must enforce the statute as written by giving the words of the statute them ordinary plain meaning—they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature.” Ex parte T.B., 698 So.2d 127, 130 (Ala.1997). “[W]hen a term is not defined in a statute, the commonly accepted definition of the term should be applied.” Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003). In common parlance, the “immediately preceding” judicial election would be the last judicial election before the filing of the motion to recuse.
In this case, the former husband moved Judge Palmer to recuse herself from the case on the basis of a campaign contribution made in September 2015 in relation to Judge Palmer’s bid for reelection in 2016. The former husband did not contend that the former wife or her attorney had made a substantial campaign contribution for Judge Palmer’s “immediately preceding” election, which we judicially notice occurred in 2010. Because the former husband did not prove those prerequisite facts, we do not address whether the former husband proved the- other elements of bias or the appearance of bias. We conclude that § 12-24-3(a) does not apply in these circumstances.
Section 12—24—3(b), Ala. Code 1975, provides, in pertinent part:
“A rebuttable presumption arises that a justice or judge shall recuse himself or herself if a campaign contribution made directly by a party to the judge or justice exceeds the following percentages of the total contributions raised during the election cycle by that judge or justice and was made at a time when it was reasonably foreseeable that the case could come before the judge or justice:
[[Image here]]
“(2) Fifteen percent in a circuit court race.”
By its plain language, § 12—24—3 (b) (2) creates a rebuttable presumption that a circuit-court judge should recuse himself or herself when a party, or his or her attorney, contributes 15% or more of the total campaign contributions collected by the circuit-court judge during an election cycle while the party, or his or her attorney, has a case pending before the judge.
In this case, the former husband asserted that, while presiding over the underlying action, Judge Palmer had collected an in-kind contribution of $480 from Sexton on September 24, 2015. The former husband presented evidence indicating that Judge Palmer had collected $5,190 in campaign contributions-in September 2015. Assuming that the term “election cycle” as used in § 12—24—3(b) could be limited to only one month of the election season, which we do not decide, it remains that the former husband did not allege or prove that Judge Palmer had collected 15% of her campaign contributions from Sexton in September 2015 because his $480 in-kind contribution amounted to only 9.25% of the September 2015 total. Accordingly, the former husband did not prove the essential facts giving rise to the rebuttable presumption in § 12-24-3(b)(2).
On appeal, the former husband maintains that Sexton hosted a campaign party for Judge Palmer in his home that yielded the entire $5,190 that Judge Palmer collected in campaign contributions in September 2015. The former husband ar *361 gues that the entire amount should be attributed to Sexton in deciding whether Judge Palmer should be recused. However, the factual assertions made by the former husband are not supported by any evidence in the record, see Geer Bros. v. Walker, 416 So.2d 1045, 1049 (Ala.Civ.App.1982) (“[A]n appellate court cannot consider statements in brief that are not supported by the record.”), and the former husband did not raise this argument below, so we cannot consider it on appeal. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”).
The former husband also argues for the first time on appeal that Judge Palmer should recuse herself based on Canon 3.C(1) of the Alabama Canons of Judicial Ethics, an argument we cannot consider. See Andrews, supra. Before Judge Palmer, the former husband premised his recusal motion entirely on the application of § 12-24-3. As we have shown, § 12-24-3 does not apply to the circumstances in this case. The former husband has failed to show that Judge Palmer exceeded her discretion in denying his motion to recuse. See Ex parte George, 962 So.2d 789, 791 (Ala.2006) (“A trial judge’s ruling on a motion to recuse is reviewed to determine whether the judge exceeded his or her discretion.”). Therefore, we affirm the order denying the motion to recuse.
AFFIRMED.
Thompson, P.J., and Pittman and Donaldson, JJ., concur.
Thomas, J., concurs in the result, without writing.

. The former wife has attached as an appendix to her brief a transcript of that hearing, but that transcript was not certified as part of the record on appeal, and, thus, we cannot consider it. Goree v. Shirley, 765 So.2d 661, 662 (Ala.Civ.App.2000) (“The record on appeal cannot be supplemented or enlarged by the attachment of an appendix to an appellant’s brief.”).

. See Ala. Code 1975, § 12-24-3(d) ("An order of a court denying a motion to recuse shall be appealable in the same manner as a final order to the appellate court which would otherwise have jurisdiction over the appeal from a final order in the action.”). Section 12-24-3 was enacted on April 10, 2014, and became effective on July 1, 2014, after the United States Supreme Court issued its opinion in Shelby County, Alabama v. Holder, 570 U.S. 529, 133 S.Ct. 2612, 186 L.Ed.2d 651 (2013). See Ala. Acts 2014, Act.No. 2014-455, § 3. The former wife argues that § 12-24-3 is ineffective because it was not précleared by the United States Department of Justice, as required by § 5 of the Voting Rights Act of 1965; however, in Holder, the United States Supreme Court invalidated § 4(b) of the Voting Rights Act so that the preclearance requirement in § 5 did not apply to § 12-24-3.