PITTMAN, Judge.
In December 2005, S.L.A. (“the wife”) filed a complaint in the Houston Circuit Court seeking a divorce from her husband, J.W.A. (“the husband”), alleging that she was “pregnant with the . parties’ child and expect[ed] to give birth to [the] child during the month of May 2006.”[1] The hus- ■ band filed an answer in which he averred that he was unable to admit or deny that he was the biological father of the unborn child and stated in a counterclaim that the wife had told him “not to be so sure” that he was the father of the unborn child; despite having doubts about his paternity, the husband nonetheless claimed that he should receive custody of the child upon its birth and sought DNA testing of the. child. The child, who was named H.M.J. upon birth, was appointed a guardian ad litem, Jack A. Blumenfeld, who appeared in the action and presented arguments on behalf of the child in the circuit court.
On May 4, 2006, based upon an- agreement between the wife and the husband, the wife’s testimony, and the arguments of the guardian ad litemi, the circuit court entered a judgment annulling the parties’ marriage on the basis that the 'parties’ marriage had been illegal and void. As a *1246 component of its judgment, the circuit court purported to find from the evidence that grounds existed under § 26-18-7, Ala. Code 1975, that would warrant termination of any parental rights held by the husband in and to the child and purported to thereby terminate those rights. The husband filed a motion to alter, amend, or vacate the judgment on May 17, 2006, thereby tolling the time for taking an appeal from the circuit court’s judgment (see Rule 4(a)(3), Ala. R.App. P.); he also filed what he termed a “motion to set aside” the judgment. The wife’s previous husband, R.J., also filed a motion to intervene in which, among other things, he requested that the child’s last name be changed. The circuit court, after a hearing, made an entry on the case-action-summary sheet on June 8, 2006, indicating that the case had been “settled” and that the wife’s attorney was to provide the circuit court with a proposed judgment form after obtaining approval of the form from counsel for the husband.
On June 27, 2006, the child’s guardian ad litem filed what he termed a “motion to alter, amend, or vacate the judgment” in which he contended that the termination of the husband’s parental rights was not supported by evidence of the child’s best interests. That motion, which was filed more than 30 days after the judgment it attacks, was not a timely postjudgment motion and did not itself further toll the time for taking an appeal. However, at the time the guardian’s motion was filed, the circuit court had not entered an order expressly granting or denying the husband’s postjudgment motions, and they therefore remained pending and continued to toll the time for any party to file a notice of appeal; for that reason, we deny the wife’s motion to dismiss this appeal as untimely. On July 17, 2006, the circuit court entered a new judgment that (a) divorced the husband and the wife, rather than annulling their marriage; and (b) stated that any rights the husband had to the child were terminated.
Only the child, through the guardian ad litem, has appealed from the divorce judgment, specifically challenging that aspect of the judgment pertaining to termination of the husband’s parental rights.[2] As in B.C.M. v. J.T., 738 So.2d 1266, 1267 (Ala.Civ.App.1999), however, “[w]e need not address the facts of this case or the factual arguments advanced ..., given § 12-15-30(b)(6), Ala.Code 1975,” which vests in the juvenile courts “exclusive original jurisdiction of proceedings” that involve “[tjermination of parental rights.” See also N.W.S.S. v. S.D.S., 747 So.2d 339, 340-41 (Ala.Civ.App.1999), and R.H. v. D.W.M., 772 So.2d 1183, 1186 (Ala.Civ.App.2000) (both of which hold that the circuit courts do not have subject-matter jurisdiction to rule on requests to terminate parental rights). Because the circuit court lacked subject-matter jurisdiction to enter the portion of its judgment that purported to terminate the parental rights of the husband, that portion of the judgment is void and will not support an appeal. See Moore v. John Hancock Life Ins. Co., 876 So.2d 443, 448 (Ala.2003). We thus vacate that portion of the circuit court’s judgment purporting to terminate those parental rights the husband may *1247 have as to the child, and we dismiss the appeal.
JUDGMENT VACATED IN PART; APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The circuit court ordered the case sealed, and out of due regard for that order we have opted to preserve the parties' anonymity in our opinion.

. Because the husband did not file a notice of appeal, we cannot address his contention that the circuit court erred in denying his request for paternity testing. See, e.g., Yarbrough v. Motley, 579 So.2d 684, 686 (Ala.Civ.App.1991) ("[WJhere an appellee seeks to enlarge [his] own rights under a judgment, the appel-lee must do so by filing a cross-appeal.”). We do not, however, grant the wife's motion to strike that issue from the husband’s brief. See Wilson v. Crosby Lumber Co., 386 So.2d 1173, 1175 (Ala.Civ.App.1980).