Anita Denise Wall and Kenneth Gene Wall were divorced on May 5, 2005. The final judgment required Kenneth Wall, among other things, to pay Anita Wall, within 90 days of the judgment, "the balance of the equity in the marital estate, the sum of $96,880.00," and "the sum of $20,000.00 as attorney fees." In March and May 2007, Anita Wall filed show-cause motions with the trial court, requesting the trial court to order Kenneth Wall to show cause why he had not complied with the May 5, 2005, order. On June 13, 2007, the trial court found Kenneth Wall in contempt and placed him in custody "until [he] pays Anita Wall the sum of $149,-348.32."[1] *Page 381 
On June 19, 2007, Kenneth Wall filed a motion to alter, amend, or vacate the order of contempt. In his motion, Kenneth Wall argued that the trial court erred in ordering him incarcerated because § 20, Ala. Const. 1901, and Dolberry v.Dolberry, 920 So.2d 573 (Ala.Civ.App. 2005), prohibit incarceration for nonpayment of this type debt. Additionally, Kenneth Wall argued that holding him in civil contempt was improper because, he says, he lacks the ability to pay the debt. The motion to alter, amend, or vacate the judgment of contempt was denied by operation of law. See Rule 59.1, Ala. R. Civ. P.
On June 25, 2007, Kenneth Wall filed a petition for a writ of mandamus with the Court of Civil Appeals, asking that court to order the trial court to vacate the June 13, 2007, contempt order and to order him freed from custody. On June 26, 2007, the Court of Civil Appeals denied the petition without an opinion. Ex parte Wall (No. 2060857), ___ So.2d ___ (Ala.Civ.App. 2007) (table).
On June 27, 2007, Kenneth Wall filed a petition for a writ of mandamus with this Court, requesting this Court to order the trial court, to vacate its June 13, 2007, contempt order and to order that Kenneth Wall be freed from custody immediately. This Court ordered answers and briefs and granted Kenneth Wall's motion to stay enforcement of the contempt order pending resolution of this petition.
 Standard of Review "`The standard for determining whether a writ of mandamus will issue is as follows:
 "`"A writ of mandamus is an extraordinary remedy, and it will be `issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co., 590 So.2d 252
(Ala. 1991)."
 "`Ex parte Empire Fire Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998).'"
Ex parte Silver Chiropractic Group, Inc.,975 So.2d 922, 925 (Ala. 2007) (quoting Ex parte Sawyer,892 So.2d 898, 901 (Ala. 2004)).
 Discussion
Kenneth Wall contends that the trial court exceeded the scope of its discretion when it "acted in contravention of Alabama law in holding [him] in contempt of court and ordering [him] imprisoned for non-payment of a debt." According to Wall,Dolberry, supra, and § 20, Ala. Const. 1901, prohibit the trial court from ordering him to be incarcerated for failure to pay a debt.
Kenneth Wall, however, cannot satisfy the requirements for issuance of a writ of mandamus because he has another adequate remedy available.
Rule 70A(g)(1), Ala. R. Civ. P., provides:
 "Where Contemnor Is in Custody. An adjudication of [civil] contempt is reviewable by appeal if the person found in contempt is being held in custody *Page 382 
pursuant that adjudication, unless the writ of habeas corpus is an available remedy."
Therefore, the trial court's order of contempt is reviewable by appeal or by a petition for a writ of habeas corpus, if the circumstances satisfy the requirements for a writ of habeas corpus. See Peterson v. Roden, 949 So.2d 948
(Ala.Civ.App. 2006) (father filed a petition for a writ of habeas corpus seeking his immediate release from incarceration based on finding of contempt for failing to pay child support);Dolberry, supra (appeal of trial court's order finding husband in contempt and ordering weekend incarceration);G.W. v. Sheriff of Jefferson County, 885 So.2d 807
(Ala.Civ.App. 2004); and Ex parte Boykin,656 So.2d 821 (Ala.Civ.App. 1994). Accordingly, relief by writ of mandamus is not proper.
 Conclusion
A writ of mandamus will issue only when this Court's jurisdiction is properly invoked, the petitioner has a clear legal right to the relief requested, the trial court has refused to perform an act that it is required to do, and no other legal remedy is available. Kenneth Wall has another legal remedy available; therefore, his petition for a writ of mandamus is denied.
PETITION DENIED.
COBB, C.J., and SEE, LYONS, WOODALL, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
[1] It appears that the total amount Kenneth Wall was ordered by the trial court to pay consists of $120,588.07, which represents the $96,880 unpaid equity in the marital estate plus interest; $24,894.30, which represents the unpaid attorney fee of $20,000 plus interest; and $3,865.95, which represents another attorney fee of $3,200 plus interest.