MOORE, Judge.
Jacqueline S. Campton (“the mother”) appeals from an order of the Montgomery Circuit Court (“the trial court”) vacating a provision of an earlier judgment divorcing her and Frederick Lynn Miller (“the father”). Because we conclude that the mother appeals from an interlocutory order that has not been properly certified as final, we elect to treat the appeal as a *247 petition for a writ of mandamus; we deny the petition.

Procedural History

On April 8, 2006, the trial court entered a judgment divorcing the mother and the father. Paragraph 4 of that judgment purported to terminate the parental rights of the father to the parties’ unborn child, to deny the father any visitation with the child, and to relieve the father of any duty to pay child support. The trial court based the termination order primarily on a settlement agreement reached by the parties and an affidavit executed by the father in which the father stated that he voluntarily relinquished his parental rights to the unborn child.
The father filed a petition to modify the divorce judgment on March 6, 2008. In that petition, the father averred that his parental rights to the parties’ unborn child had been terminated without a hearing or a judicial determination regarding those rights, without the appointment of a guardian ad litem for the unborn child, and based on an affidavit that was signed by the father during a time when he was abusing alcohol. Based on those aver-ments, the father requested that the trial court vacate paragraph 4 of the parties’ divorce judgment. He also requested that the trial court award him visitation with the child, who was born on June 26, 2006; require him to pay child support; and grant him “such other, further, different, and general relief to which he may, in equity and good conscience, be entitled.”
The mother filed an answer on April 9, 2008, in which she alleged that the father had not been abusing alcohol when he signed the affidavit stating that he relinquished his parental rights and that the trial court had conducted a hearing on the matter and had rightfully terminated the parental rights of the father. The mother requested that the trial court deny the father the relief he requested. That same date, the mother filed a motion to dismiss the father’s petition on the ground that the trial court had entered a final judgment on April 8, 2006, terminating the parental rights of the father and that the father had not stated any claim upon which the relief he requested could be granted.
On July 17, 2008, the trial court held a hearing on the petition filed by the father and the motion to dismiss filed by the mother. Following that hearing, the trial court entered an order on July 29, 2008, stating, in pertinent part:
“The Court, having heard and considered the testimony and evidence and having reviewed the briefs and caselaw submitted by the attorneys in this cause, and under Rule 60(b), [Ala. R. Civ. P.,] now finds that the provision of the Settlement Agreement in which [the father] terminated his parental rights must be declared null and void, due to the fact that no hearing was held on the Petition, no Guardian Ad Litem was appointed to represent the unborn child at the time, no evidence was brought forth regarding grounds for termination, no inquiry was made as to viable alternatives to termination, and there was no consideration regarding the best interests of the child. Without clear and convincing evidence before the Court, there cannot be termination of parental rights.
“Therefore, upon consideration of the above, it is ORDERED that the provision terminating parental rights of [the father] by settlement agreement without a hearing is due to be, and is now declared VOID.
“This ORDER is final and this case is closed.”
Although the trial court declared the order “final,” the trial court did not make any ruling regarding the visitation rights of the *248 father or make any order regarding the duty of the father to pay child support.
On August 13, 2008, the father filed a second petition, requesting that the trial court grant him reasonable visitation privileges. On August 20, 2008, the mother filed a motion to alter, amend, or vacate the July 29, 2008, order.[1] On August 28, 2008, the mother also filed a motion to stay enforcement of the July 29, 2008, order. The trial court granted the motion to stay on September 3, 2008. On September 23, 2008, the mother filed a motion to dismiss or to strike the father’s second petition for visitation and a request for attorney fees. In that motion, the mother argued, among other things, that the original petition filed by the father on March 6, 2008, in which the father requested, among other things, that he be awarded visitation, remained pending before the trial court and that the father’s August 13, 2008, petition for visitation should be dismissed or stricken because it was redundant.
On October 6, 2008, the trial court granted the mother’s motion to dismiss or to strike the August 13, 2008, petition for visitation filed by the father and it denied the mother’s motion to alter, amend, or vacate the July 29, 2008, order. In the order denying the motion to alter, amend, or vacate, the trial court ruled, in pertinent part:
“Termination of the father’s parental rights cannot occur following a provision within a divorce settlement agreement filed in the Domestic Relations Division of the Montgomery Circuit Court and the court’s incorporation of said agreement into a final divorce decree. The circuit court lacked subject matter jurisdiction to terminate parental rights of [the father]. Pursuant to Code of Alabama, Title 12, Chapter 15, Article 2, Section 30(b)(6), termination of parental rights is under the exclusive jurisdiction of the juvenile court. The Alabama Rules of Juvenile Procedure apply for termination of parental rights cases.
“The order terminating parental rights of [the father] in this matter was based on a divorce settlement agreement containing the written consent of [the father] to the termination of his parental rights to the unborn child. Although the attorneys for the parties presented the divorce settlement agreement to the judge, the parties themselves were not present. There was no ‘hearing’ in the traditional sense held in this matter.
“Termination of parental rights without a hearing is reversible error and any judgment purporting to do so must be void. [The father’s] written consent to termination in this matter was insufficient evidence that he was unable or unwilling to care for his child and that termination was in the child’s best interest. As a nullity, any void judgment is subject to attack at any time, therefore any motion filed by the father in this case must be considered timely. The provision in the parties’ divorce settlement agreement terminating the [father’s] parental rights is void.... ”
Again, however, the trial court did not rule on the father’s requests regarding visitation and child support.
On October 20, 2008, the father filed a “motion for visitation.” On October 24, 2008, the mother filed a motion to alter, amend, or vacate the order granting her motion to strike or to dismiss, requesting clarification as to whether the court had intended to award the mother attorney fees as requested in that motion. On Oc *249 tober 30, 2008, the trial court clarified that it had not awarded any attorney fees. On that same date, the trial court entered an order setting a hearing on the father’s motion for visitation to take place on January 14, 2009. On November 17, 2008, the mother filed her notice of appeal relating to the July 29, 2008, order.

Analysis

In her brief, the mother recognizes that, in its July 29, 2008, order, the trial court merely vacated the provision of the divorce judgment purporting to terminate the parental rights of the father to the parties’ unborn child. The mother acknowledges that the trial court has yet to rule on the father’s request for visitation and to specify the amount of child support. Nevertheless, the mother states that she filed her appeal based on the trial court’s language in the July 29, 2008, order declaring the order “final” and indicating that the “case is closed.” Despite that language, we conclude that the order is not final for purposes of appeal.
In his original petition to modify, the father sought to have paragraph 4 of the divorce judgment vacated and further sought visitation with the parties’ child along with a declaration regarding his duty to pay child support. The trial court construed the first part of the petition as a Rule 60(b), Ala. R. Civ. P., motion. The mother argues that the petition should not have been so construed. Our caselaw is clear, however, that it is the substance of a motion, not its nomenclature, that is controlling; “the relief sought in a motion determines how to treat the motion.” Allied Prods. Corp. v. Thomas, 954 So.2d 588, 589 n. 3 (Ala.Civ.App.2006). Thus, the fact that the father styled his petition as a “Petition to Modify” did not prevent the trial court from treating the first part of the petition as a Rule 60(b) motion.
In granting the Rule 60(b) motion and declaring void that part of the divorce judgment purporting to terminate the parental rights of the father, the trial court did not fully and finally adjudicate the case. Generally speaking, an order granting a Rule 60(b) motion is treated as interlocutory and not appealable because the order ordinarily does not decide conclusively the issues between the parties. R.E. Grills, Inc. v. Davison, 641 So.2d 225, 227 (Ala.1994). This case falls within that general rule because the order granting the Rule 60(b) motion did not “completely adjudicate[ ] all matters in controversy between the parties.” Wilson v. Glasheen, 801 So.2d 848, 849 (Ala.Civ.App.2001) (defining “final judgment”). The order voided the provision in the divorce judgment terminating the parental rights of the father, but it left unresolved the issues regarding visitation and child support.
A nonfinal order may be certified as final for purposes of appeal under Rule 54(b), Ala. R. Civ. P. However, that rule only allows a trial court to direct the entry of a final judgment “as to one or more but fewer than all of the claims” by “an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.” An order that includes a statement that it is a final judgment and immediately appealable is not sufficient. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988). The language used by the trial court in labeling the order “final” and in stating that the “case is closed” is not sufficient to certify the order for appellate review pursuant to Rule 54(b); instead, it is merely a statement revealing the trial court’s mistaken belief that it had fully and finally adjudicated the issues between the parties.
This court has discretion to treat an appeal from an order granting a Rule *250 60(b) motion as a petition for a writ of mandamus. See Ex parte Short, 434 So.2d 728 (Ala.1983). A petition for a writ of mandamus may only be granted when, among other things, the petitioner has a clear legal right to the order sought. See Ex parte Wall, 983 So.2d 380, 381 (Ala.2007). In this case, the mother argues that she has a clear legal right to maintain the original terms of the divorce judgment. We disagree.
Under Rule 60(b)(4), Ala. R. Civ. P., a court must relieve a party from a final judgment if the judgment is void. See Williams v. Williams, 910 So.2d 1284, 1286 (Ala.Civ.App.2005) (quoting Smith v. Clark, 468 So.2d 138, 141 (Ala.1985)) (“ ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.’ ”). “[A] judgment is ‘void’ within the scope of [Rule 60(b)(4) ] ‘only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.’ ” Id. (quoting Smith, 468 So.2d at 141). In this case, the father moved to vacate paragraph 4 of the divorce judgment on the ground that it had been entered in a manner inconsistent with due process. The trial court adopted that reason, later adding that it had also vacated the provision based on the circuit court’s lack of subject-matter jurisdiction.[2]
In her brief, the mother argues that the trial court erred in concluding that the parental rights of the father were terminated without due process. We need not consider that argument, however. But see C.C. v. State Dep’t of Human Res., 984 So.2d 447 (Ala.Civ.App.2007) (holding that a juvenile court errs in terminating parental rights by consent of parents without holding a hearing at which sufficient evidence is adduced to sustain judgment). The trial court stated two alternative and independent bases for its action. The mother does not make any argument that the trial court erred in vacating the termination-of-parental-rights provision of the divorce judgment based on lack of subject-matter jurisdiction. See Kellis v. Estate of Schnatz, 983 So.2d 408, 412 (Ala.Civ.App.2007) (affirming judgment based on two independent legal grounds when appellant failed to argue error as to both grounds).
Pursuant to Ala.Code 1975, § 12-15-30(b)(6), juvenile courts have exclusive, original jurisdiction over proceedings seeking termination of parental rights. A circuit court has no subject-matter jurisdiction to terminate the parental rights of a parent incidental to a divorce judgment, even if the parties agree. See, generally, N.W.S.S. v. S.D.S., 747 So.2d 339, 340-41 (Ala.Civ.App.1999). A provision in a circuit court’s divorce judgment purporting to terminate parental rights is therefore void. H.M.J. ex rel. Blumenfeld v. S.L.A., 964 So.2d 1245, 1246 (Ala.Civ.App.2007) (citing N.W.S.S. v. S.D.S., supra, and R.H. v. D.W.M., 772 So.2d 1183, 1186 (Ala.Civ.App.2000) (both of which hold that circuit courts lack subject-matter jurisdiction to rule on petitions to terminate parental rights)). Therefore, the trial court correctly vacated the provision of the divorce judgment purporting to terminate the parental rights of the father.
The mother complains that the divorce judgment had been in effect for over two years before the trial court vacated the void provision pertaining to the termination of the parental rights of the father. However, lack of subject-matter *251 jurisdiction can be raised by a court at any time. Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000). The provision of Rule 60(b) generally requiring motions made under that rule to be filed within “a reasonable time” does not apply to Rule 60(b)(4) motions. Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638, 642-43 (Ala.2003). Hence, the trial court did not err in recognizing the void nature of the provision and vacating that provision despite the lapse of over two years.
The mother did not have a clear legal right to maintain the terms of the divorce judgment terminating the parental rights of the father. Therefore, we deny the petition.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The mother later supplemented that motion on September 24, 2008, asserting additional reasons why she believed the July 29, 2008, order should be altered, amended, or vacated.

. Although the father did not raise lack of subject-matter jurisdiction in his petition, a court is " 'duty bound to notice ex mero motu the absence of subject-matter jurisdiction.’ ” Baldwin County v. Bay Minette, 854 So.2d 42, 45 (Ala.2003) (quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 n. 2 (Ala.1994)).