MOORE, Judge,
dissenting.
I respectfully dissent.
On July 5, 2012, B.B. (“the mother”) filed an emergency petition in the Tuscaloosa Circuit Court (“the trial court”) seeking a writ of assistance and delivery of her child, Br.B. (“the child”), to her. L.W. (“the grandmother”) filed an answer to that petition and a counterclaim in which she alleged, among other things, that the she had acted as the custodian and primary caretaker of the child since the birth of the child, that the mother was unfit to care for the child because she had physically abused the child and did not want the child, and that it would be in the best interests of the child that the grandmother be awarded legal and physical custody of the child. Those allegations set out a custody dispute between the mother and the grandmother.
At trial, the evidence proved that the grandmother was not the legal custodian of the child because any custodial rights to the child she may have obtained by virtue of a guardianship action in Michigan had expired in 2006 and that the mother had retained legal custody of the child since at least 2007. The evidence further showed that the grandmother was seeking custody of the child not in vindication of any legal right to custody, but mainly to prevent alleged physical abuse of the child by her legal custodian, the mother.
When a party alleges that the custody of a child should be removed from a parent based on physical abuse, that party is alleging that the child is a dependent child. See Ala. Code 1975, § 12-15-102(8) (defining a “dependent child” to include “[a] child who ... is need of care or supervision” and “[w]hose parent, legal guardian, legal custodian, or other custodian subjects the child or any other child in the household to abuse, as defined in subdivision (2) of Section 12-15-301[, Ala.Code 1975,] or neglect as defined in1 subdivision (4) of Section. 12-15-301, [Ala.Code 1975,] or allows the child to be so subjected”). Only a juvenile court has jurisdiction to decide the dependency of a child and to award the custody of a dependent child. See Ala. Code 1975, 12-15-114(a) (“A juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged to have committed a delinquent act, to be dependent, or to be in need of supervision.”).
Likewise, when a nonparent asserts that a parent or other legal custodian has ceded the care of a child to him or her without legal proceedings, that allegation also amounts to one of dependency. In Ex parte L.E.O., 61 So.3d 1042, 1047 (Ala. *1053 2010), our supreme court specifically held that a child who is “in need of care or supervision” includes a child who is not in the care of his or her legal custodian or a person with the legal authority to take appropriate action on behalf of the child. In his dissent in Ex parte L.E.O., Justice Murdock noted that the interpretation adopted by the majority in that case would require a nonparent caring for a child to file a dependency action in a juvenile court in order to gain custody of the child:
“Under the new rule announced today in the main opinion,.... a grandparent who has been caring for a child for several years because a parent or the parents have placed the child with the grandparent to raise, will now have to file a dependency proceeding in the juvenile court, rather than a custody proceeding in the circuit court, in order to obtain a custody award to be able to enroll the child in school. This is so because under the new approach adopted by this Court today, if the parents themselves are not providing the daily, hands-on care and supervision of the child, then the child is considered ‘dependent’ (assuming that one of the first-element categories is met). It matters not that the child is being raised in a loving home by fully able and caring relatives or friends or neighbors with whom a parent has placed the child and perhaps with whom the child has lived, as in this case, for several years; that child will now be deemed ‘dependent’ and will be subject to the mechanisms of the [Alabama] Juvenile Justice Act[, Ala. Code 1975, § 12-15-101 et seq.]. Even more problematic, because dependency cases are in the exclusive jurisdiction of the juvenile court, countless custody awards that have been made to nonpar-ents will now be considered void because the circuit court lacked jurisdiction to make the award.”
61 So.3d at 1056-57 (Murdock, J., dissenting) (footnotes omitted).
Our supreme court has not yet directly addressed the validity of a judgment entered by a circuit court purporting to award the custody of a dependent child to a nonparent in circumstances similar to those described by Justice Murdock in Ex parte L.E.O. However, his conclusion is unassailable: when a nonparent alleges that he or she has assumed care of a child due to parental abandonment or neglect, that allegation can only be considered as alleging the dependency of the child based on the main opinion in Ex parte L.E.O. See Ex parte M.H., 133 So.3d 418, 418-20 (Ala.Civ.App.2013) (Moore, J., dissenting). Hence, any judgment of a circuit court purporting to adjudicate a custody petition asserting such an allegation would be void due to lack of subject-matter jurisdiction.
Based on the foregoing, I am of the opinion that the trial court lacked jurisdiction to adjudicate the counterclaim filed by the grandmother, which was in the nature of a dependency action. I would dismiss the appeal as lying from a void judgment, albeit with instructions to thé trial court to vacate its judgment, see, e.g., H.M.J. ex rel. Blumenfeld v. S.L.A., 964 So.2d 1245 (Ala.Civ.App.2007) (vacating circuit-court judgment purporting to terminate parental rights and dismissing appeal as being from a void judgment); therefore, I respectfully dissent. My conclusion obviates the need to discuss the jurisdictional or other arguments made by the mother.